UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Wayne William Tucker,

        Petitioner,

vs.                              Case No.  2:03-cv-470-FtM-4DNF

Secretary, Department of
Corrections,

        Respondent.


**<u>OPINION AND ORDER</u>**[1]


        Petitioner, Wayne William Tucker, (hereinafter "Petitioner" or

"Tucker"), who is proceeding <u>pro</u> <u>se</u>, initiated this action by

filing a Petition for Writ of Habeas Corpus (Doc. #1, "Petition")

pursuant to 28 U.S.C. § 2254 on September 12, 2003.[2]  Petitioner

challenges a 1997 state court judgment of conviction for one-count

of capital sexual battery entered in the Twentieth Judicial Circuit

_____

        [1]This is a "written opinion" under § 205(a)(5) of the E-
Government Act and therefore is available electronically.  However,
it has been entered only to decide the matters addressed herein and
is not intended for official publication or to serve as precedent.


        [2]The Petition was filed in this Court on September 15, 2003;
however, the Court deems the Petition filed when delivered to
prison authorities for mailing.  <u>Adams v. United States</u>, 173 F.3d
1339, 1341 (11th Cir. 1999).  Absent evidence to the contrary, this
date is assumed to be the date the inmate signed the document
(September 12, 2003).  <u>See</u> <u>Washington v. United States</u>, 243 F.3d
1299, 1301 (11th Cir. 2001).  If applicable, the Court will also
give Petitioner the benefit of the mailbox rule with respect to his
state court filings when calculating the one-year limitations
period under 28 U.S.C. § 2244(d).

Court, Lee County, Florida for which he was sentenced to life in prison with a twenty-five (25) year minimum mandatory sentence. Petition at 2. The Petition identifies the following sixteen grounds for relief.

**(I) The trial court erred in admitting evidence of alleged domestic violence, alcohol abuse and a suicide note written by Tucker violating Petitioner's right to a fair trial, due process and equal protection under the 5th, 6th and 14th Amendments of the U.S. Constitution; Id. at 7.[3]**

**(II) The trial court erred in admitting hearsay statements of the alleged victim thus violating Petitioner's right to confrontation, due process, equal protection and a fair trial under the 5th, 6th and 14th Amendments of the U.S. Constitution; Id. at 9.**

**(III) The State committed fundamental error during closing argument by advocating a conviction based on a charge which a judgment of acquittal had been granted violating Petitioner's right to a fair trial, due process and equal protection under the 5th, 6th and 14th Amendments of the U.S. Constitution; Id. at 13.**

**(IV) Trial counsel was ineffective for failing to object to a videotaped statement being viewed during jury deliberations violating Petitioner's right of confrontation, due process, equal protection and a fair trial under the 5th, 6th and 14th Amendments of the U.S. Constitution; Id. at 15.**

**(V) Petitioner was denied effective assistance of counsel when counsel failed to call alibi witnesses Terry Bernard, Dr. Marilyn Young, Perry, Dawn and Chloe Kent, violating Petitioner's right to a fair trial, due process and equal protection under the 5th, 6th and 14th Amendments of the U.S. Constitution; Id. at 18.**

---

[3]Unless otherwise noted, the page numbers referenced herein are to the page of the identified document as it appears on the Court's case management electronic computer filing system.

(VI) Petitioner was denied effective assistance of counsel when counsel failed to object that the trial court failed to make proper findings of reliability prior to admitting videotaped hearsay statement into evidence at trial violating Petitioner's right of confrontation, a fair trial, due process and equal protection under the 5th, 6th and 14th Amendments of the U.S. Constitution; Id. at 22.

(VII) Petitioner was denied effective assistance of counsel for counsel's failure to object and move for a mistrial when investigating C.P.T. [Child Protective Team] member Dr. Snyderman proffered improper and prejudicial hearsay testimony violating Petitioner's right to a fair trial, due process and equal protection under the 5th, 6th and 14th Amendments of the U.S. Constitution; Id. at 26.

(VIII) Petitioner was denied effective assistance of counsel by counsel's failure to communicate the State's plea offer with its particulars violating Petitioner's right to due process and equal protection under the 5th, 6th and 14th Amendments of the U.S. Constitution; Id. at 30.

(IX) Petitioner was denied effective assistance of counsel for counsel's failure to motion the court for a judgment of acquittal on count two (2) violating Petitioner's right to due process and equal protection under the 5th, 6th and 14th Amendments of the U.S. Constitution; Id. at 34.

(X) Petitioner was denied effective assistance of counsel when counsel failed to move to sever the charges violating Petitioner's right to a fair trial, due process and equal protection under the 5th, 6th and 14th Amendments of the U.S. Constitution; Id. at 37.

(XI) Petitioner was denied effective assistance of counsel when counsel failed to object and move for a mistrial because juror Coleman failed to disclose during voir dire that she had to attend a funeral during trial, or argue the lack of an alternate juror violating Petitioner's right to a fair trial, due process and equal

protection under the 5th, 6th and 14th Amendments of the
U.S. Constitution; <u>Id.</u> at 41.

(XII) Petitioner was denied effective assistance of
counsel when counsel failed to move for a mistrial when
the trial was prejudiced by a spectators comments and
actions to the jury violating Petitioner's right to a
fair trial, due process and equal protection under the
5th, 6th and 14th Amendments of the U.S. Constitution;
<u>Id.</u> at 44.

(XIII) Petitioner was denied effective assistance of
counsel when counsel waived Petitioner's speedy trial
rights without the Petitioner's permission or knowledge
violating Petitioner's right to a fair trial, due process
and equal protection under the 5th, 6th and 14th
Amendments of the U.S. Constitution; <u>Id.</u> at 48.

(XIV) Petitioner was denied effective assistance of
counsel by counsel's failure to move for a mistrial due
to the court's treatment of a capital offense as a non-
capital offense violating Petitioner's right to a fair
trial, due process and equal protection under the 5th,
6th and 14th Amendments of the U.S. Constitution; <u>Id.</u> at
41.

(XV) Petitioner was denied effective assistance of
counsel by counsel's failure to object and move for a
mistrial due to prosecutorial misconduct during closing
arguments violating Petitioner's right to a fair trial,
due process and equal protection under the 5th, 6th and
14th Amendments of the U.S. Constitution; <u>Id.</u> at 54.

(XVI) The trial court committed reversible error by
designating Petitioner a sexual predator violating
Petitioner's right to due process and equal protection
under the 5th, 6th and 14th Amendments of the U.S.
Constitution; <u>Id.</u> at 59.

In compliance with the Court's Order (Doc. #11), Respondent

filed a Response and Memorandum of Law on November 25, 2003 moving

for summary judgment on the basis of Petitioner's procedural

defaults and failure to make a threshold showing under 28 U.S.C. §§

2254 (d), (e). (Doc. #17, "Response").[4] Respondent submitted exhibits in support of his contentions (Docs. #21).[5] Petitioner filed a Reply to the Response on December 3, 2003 (Doc. #20).

Subsequently, on May 24, 2006, Petitioner filed an Amended Petition (Docs. #37, #37-2, and #37-3; "Amended Petition"). The Amended Petition, incorporates by reference the aforementioned sixteen grounds, and identifies the following additional ten grounds for relief:

> **(XVII) The trial court abused its discretion when it denied Petitioner's second rule 3.850 motion as untimely violating Petitioner's right to due process, equal protection, and access to the courts under the 5th and 14th Amendments of the U.S. Constitution and Article I, §§ 2, 9, 13 and 21 of the Florida Constitution; Doc. #37 at 12.**

---

[4]Notably, the Response fails to cite to the supporting documentary exhibits from the underlying state court record. Although Respondent labeled certain exhibits with tabs using a numeric system and provided an index to the exhibits (Doc. #15), Respondent failed to cite to the corresponding tab numbers in the Response. As a result, the Court has spent an inordinate amount of time identifying and locating the corresponding supporting exhibit and/or relevant transcript. Respondent is cautioned that future responsive pleadings filed with this Court should, as a matter of procedure, identify the location of the supporting exhibit from the underlying state court record.

[5]The Court will hereinafter refer to the exhibits that are referenced in and submitted in support of the Response as "Exh." Because the transcripts of the pretrial hearing, jury trial, post-trial hearing for a new trial, and post-trial evidentiary hearing are not contained at specific tab numbers, any references to these transcripts will cite to the specific hearing by name and date, as well as the relevant page number from the transcript itself.

(XVIII) The trial court abused its discretion when it denied Petitioner's second rule 3.850 motion as successive violating Petitioner's right to due process, equal protection, and access to the courts under the 5th and 14th Amendments of the U.S. Constitution and Article I, §§ 2, 9, 13 and 21 of the Florida Constitution; Id. at 27.

(XIX) Petitioner was denied effective assistance of counsel by counsel's failure to object to the prospective jurors not being placed under oath prior to voir dire examination pursuant to Fla. R. Crim. P. 3.300(a) violating Petitioner's right to a fair trial, due process and equal protection under the 5th, 6th and 14th Amendments of the U.S. Constitution and Article I, §§ 2, 9 and 16 of the Florida Constitution; Id. at 34.

(XX) Petitioner was denied effective assistance of counsel by counsel permitting an admittedly biased juror to serve on the jury violating Petitioner's right to a fair trial, due process and equal protection under the 5th, 6th and 14th Amendments of the U.S. Constitution and Article I, §§ 2, 9 and 16 of the Florida Constitution; Id. at 37.

(XXI) Petitioner was denied effective assistance of counsel when counsel waived Petitioner's speedy trial rights without the Petitioner's permission, knowledge or consent violating Petitioner's right to a fair trial, due process and equal protection under the 5th, 6th and 14th Amendments of the U.S. Constitution and Article I, §§ 2, 9 and 16 of the Florida Constitution; Doc. #37-2 at 1.

(XXII) Petitioner was denied effective assistance of counsel when counsel failed to file a motion for speedy trial and motion to dismiss violating Petitioner's right to a fair trial, due process and equal protection under the 5th, 6th and 14th Amendments of the U.S. Constitution and Article I, §§ 2, 9 and 16 of the Florida Constitution; Id. at 4.

(XXIII) Petitioner was denied effective assistance of counsel when counsel failed to file a motion to dismiss himself due to conflict of interest violating Petitioner's right to a fair trial, due process and equal

protection under the 5th, 6th and 14th Amendments of the U.S. Constitution and Article I, §§ 2, 9 and 16 of the Florida Constitution;  <u>Id.</u> at 9.

(XXIV) Petitioner was denied effective assistance of counsel when counsel failed to investigate, depose or call alibi witnesses: Connie Tucker, and Perry, Dawn and Chloe Kent, violating Petitioner's right to a fair trial, due process and equal protection under the 5th, 6th and 14th Amendments of the U.S. Constitution Article I, §§ 2, 9 and 16 of the Florida Constitution;  <u>Id.</u> at 17.

(XXV) Petitioner was denied effective assistance of counsel when counsel failed to investigate or depose state witness Dr. Hetty Snyder man prior to trial and failed to make proper legal objections to preserve issue concerning the admissibility and reliability of scientific testimony violating Petitioner's right to a fair trial, due process and equal protection under the 5th, 6th and 14th Amendments of the U.S. Constitution Article I, §§ 2, 9 and 16 of the Florida Constitution; <u>Id.</u> at 25.

(XXVI) Petitioner was denied effective assistance of counsel when counsel failed to object when the trial court failed to make proper findings of reliability prior to admitting videotaped hearsay statements into evidence at trial violating Petitioner's right to a fair trial, due process and equal protection under the 5th, 6th and 14th Amendments of the U.S. Constitution Article I, §§ 2, 9 and 16 of the Florida Constitution;  <u>Id.</u> at 30.

(XXVII) Petitioner was denied effective assistance of counsel when counsel failed to file a pretrial motion to suppress evidence of: alleged domestic violence, Petitioner's alcohol use, and a letter illegally seized during an unauthorized invasion of his home.  Counsel was also ineffective for failing to: properly object during trial to their admission, and impeach a witness with prior inconsistent statements violating Petitioner's right to a fair trial, due process and equal protection under the 5th, 6th and 14th Amendments of the U.S. Constitution Article I, §§ 2, 9 and 16 of the Florida Constitution;  Doc. #37-3 at 1.

Respondent filed a Motion to Dismiss the Amended Petition, Response and Memorandum on June 21, 2006, in which he seeks dismissal of the Amended Petition as time-barred, or in the alternative, summary judgment based on Petitioner's procedural defaults, and his failure to satisfy 28 U.S.C. §§ 2254 (d), (e) (Doc. #40, "Amended Response"). Respondent submitted supplemental exhibits in support of the Amended Response on September 12, 2006 (Doc. #54). Petitioner filed a Reply and Memorandum of Law in response to Respondent's Amended Response on September 5, 2006, with accompanying exhibits (Doc. #51, "Reply"). This case is ripe for review.

## I. Procedural History

On May 3, 1996, Petitioner, Wayne W. Tucker, was charged by Information with two counts of capital sexual battery ("Count I" and "Count II") and one count of lewd assault ("Count III") in State Case No. 96-1256CF. Transcript of Record on Appeal, Vol. I at 2. Specifically, Count I charged Petitioner with sexual battery upon a child victim, "S.I.," by digital penetration. Id. Count II charged Petitioner with sexual battery upon a child victim, "D.P.," by digital penetration. Id. Count III, charged Petitioner with lewd fondling or assault upon a child victim, D.P., by "exposing his genitals and placing her hand on his penis." Id. At the close of the State's case, the court granted defense counsel's motion for judgment of acquittal as to Counts I and III.

Excerpt of Proceedings before the Honorable William J. Nelson, May 1 and 2, 1997, ("T Tr."), Vol. II at 322, lines 1-5. On May 2, 1997, the jury found Petitioner guilty of Count II, capital sexual battery--sexual battery against D.P., a child under the age of twelve. Id., Vol. III at 451, line 23 to 452, line 3. On June 3, 1997, the trial court denied Petitioner's motion for a new trial, adjudicated Petitioner guilty consistent with the jury's verdict, and sentenced Petitioner to life in prison without eligibility for parole for 25 years. Transcript of Record on Appeal, Vol. III at 71-75.

Petitioner timely filed a direct appeal raising three grounds:

I.   Whether the trial court erred in admitting evidence of alleged domestic violence, alcohol abuse and a suicide note written by Petitioner. (Petition-Ground I).

II.  Whether the trial court erred in admitting the videotaped hearsay statement of the alleged victim. (Petition-Ground II).

III. Whether the state committed a fundamental error during closing argument by advocating a conviction based on a charge on which a judgment of acquittal had been granted. (Petition-Ground III).

Exh. #1. The State filed an Answer Brief on January 20, 1999, see Exh. #2, and Petitioner filed a Reply Brief on February 9, 1999, see Exh. #3. On May 19, 1999, the appellate court per curiam affirmed the judgment without a written opinion. Tucker v. State, 736 So.2d 1193 (Fla. 2d DCA 1999). Exhs. ##4-5. Mandate issued on June 8, 1999. Exh. #6.

On December 15, 1999, the trial court granted a motion filed by the State requesting that Petitioner be declared a sexual predator pursuant to Florida Statutes section 775.21. Exh. #14. Petitioner appealed the court's December 15, 1999 order. Id. (Petition-Ground XVI). However, on June 15, 2001, the state appellate court affirmed the trial court's order without written opinion. Tucker v. State, 791 So.2d 476 (Fla. 2d DCA 2001). Exh. #12. Mandate issued on July 17, 2001. Exh. #13.

On May 15, 2000, Petitioner filed a pro se motion for post conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure (Rule(s)), raising the following five grounds:

> I. Trial counsel was ineffective in not objecting to the court in convicting Petitioner without supporting evidence, as to capital sexual battery, thus violating Petitioner's rights under the 5th and U.S. Constitutional Amendments and corresponding Florida provisions.
>
> II. Trial counsel was ineffective in his preparation of a proper defense for Petitioner, thus violating Petitioner's rights of due process under the 5th, 6th and 14th Constitutional Amendments and corresponding Florida provisions. (Petition, Ground V).
>
> III. Trial counsel was ineffective for failing to communicate the State's plea offer with its particulars violating Petitioner's right to due process, equal protection under the 5th, 6th and 14th Amendments of the U.S. Constitution and corresponding Florida provisions. (Petition-Ground VIII).
>
> IV. Trial counsel was ineffective in not motioning the court for a judgment of acquittal on count two (2) violating Petitioner's right to due process, equal protection under the 5th, 6th and 14th Amendments of the U.S. Constitution and corresponding Florida provisions. (Petition-Ground IX).

> V. Trial counsel was ineffective in failing to object to or request a curative instruction and/or move for a mistrial during the State's closing argument violating Petitioner's right to a fair trial, due process, equal protection under the 5th, 6th and 14th Amendments of the U.S. Constitution corresponding Florida provisions. (Petition-Ground XV).

(Exh. #15, "Rule 3.850 Motion"). On June 16, 2000, Petitioner sought to amend his Rule 3.850 Motion to include two additional grounds for relief: 1) that counsel was ineffective for not moving to sever the charges (Petition-Ground XX); and 2) that counsel was ineffective for failing to move for a mistrial after an unknown individual allegedly made improper statements in front of the jury (Petition- Ground XII). Exh. #17. The state court, in a nonfinal order dated August 11, 2000, denied Petitioner's motion to amend his Rule 3.850 Motion. Exh. #18. Petitioner then filed a motion for a rehearing on the denial of his motion to amend, which was also denied. Exhs. #19 and #20. When Petitioner appealed the denial of his motion to amend, <u>see</u> Exhs. #21 and #26, the appellate court treated the appeal as a petition for <u>writ</u> <u>of</u> <u>certiorari</u> and dismissed it as untimely, <u>see</u> Exh. #27. Petitioner sought a rehearing on the dismissal of his appeal. Exh. #28. On February 27, 2001, the appellate court granted Petitioner's motion for a rehearing and explained that Petitioner's appeal from a nonfinal order was not an appealable order under the Florida Rules of Appellate Procedure, consequently the appellate court treated the

pleading as a petition for <u>writ</u> <u>of</u> <u>certiorari</u> for purposes of review, but dismissed it as untimely. Exh. #29.

By order dated June 12, 2001, the state court summarily denied portions of Petitioner's Rule 3.850 Motion. Specifically, with regard to Petitioner's claim that the evidence was insufficient to support the conviction of capital sexual battery, the court noted that issues of insufficiency of the evidence must be raised on direct appeal. As to Petitioner's claims of ineffectiveness of counsel for failing to object to the court's treatment of the case as a non-capital offense, the court found such claim wholly without merit under Florida law, because the crime of capital sexual battery is not punishable by death, is chargeable by information, and does not require a twelve-person jury (Petition-Ground 14). Exh. #7 at pp 65-66. However, the court ordered an evidentiary hearing and appointed collateral counsel to represent Petitioner in connection with the three remaining ineffectiveness of trial counsel claims: (1) failure to prepare a proper defense; (2) failure to communicate the State's plea offer; and (3) failure to move for a judgment of acquittal as to count II. <u>Id.</u>

The court held an evidentiary hearing on September 19, 2001, at which Petitioner was represented by counsel. Supplemental Transcript of Record on Appeal, Proceedings held before the Honorable William J, Nelson, September 19, 2001, at 288-353 ("EH"). Petitioner presented evidence and testimony on the three

ineffectiveness claims recognized by the state court. <u>See</u> <u>generally</u>, <u>id.</u> Additionally, the court agreed to consider and permit collateral counsel to introduce testimony and evidence on two additional ineffectiveness of trial counsel claims previously raised in Petitioner's Supplemental Rule 3.850 Motion: (1) failure to move for severance (Petition-Ground X); and (2) failure to move for a mistrial after an unknown individual made an inappropriate comment in the presence of the jury (Petition-Ground XII). <u>Id.</u> However, the court declined to hear testimony regarding any claims of ineffectiveness of trial counsel concerning the closing arguments (Petition-Ground XV), stating that those issues should have been raised on direct appeal. <u>Id.</u> at 1, 32-33.

After hearing all testimony, the court denied relief as to the three remaining grounds in Petitioner's Rule 3.850 Motion, as well as the two additional grounds raised in Petitioner's Supplemental Rule 3.850 Motion. <u>Id.</u> at 61-62. In its February 11, 2002 order, the Court found in pertinent part:

> Upon conclusion of all evidence and argument, the Court found no evidence as to any of the issues presented to conclude that trial counsel was incompetent in any way. Accordingly, the court found no reason to apply the prejudice prong of the <u>Strickland</u> analysis. Doc. #37-4; Exh. #55.

On April 5, 2002, collateral counsel filed an appeal raising only one issue: whether trial counsel was ineffective for failing to object to the videotaped statement of one of the witnesses going back to the jury room during deliberations. Exh. #30, (Petition-

Ground IV). The State filed a response on April 30, 2002. Exh. #31. Petitioner, although represented by counsel, filed a pro se Motion to Supplement Appellant's Initial Brief on May 3, 2002, identifying ten additional grounds for appeal and seeking to introduce additional evidence not introduced at the evidentiary hearing. Exh. #32. After being directed by the appellate court to file a response to Petitioner's pro se motion, collateral counsel filed a Response advising the appellate court that "[after reviewing the record on appeal and the applicable law, in [counsel's] considered opinion, [the videotaped statement] was the only meritorious issue." Exh. #34 at 1. Nevertheless, on June 21, 2002, the appellate court permitted Petitioner to supplement his initial brief. Exh. #35. Additionally, on July 17, 2002, the appellate court denied collateral's counsel motion to withdraw, despite Petitioner's request that counsel withdraw representation. Exhs. #36 and #37.

On August 28, 2002, over the State's objection, the appellate court permitted Petitioner to supplement the record on appeal to include trial counsel's deposition testimony, and a February 12, 2001 letter from Petitioner to the trial judge with ten exhibits. See Exhs. #41 and #43. These documents were not introduced at Petitioner's Rule 3.850 evidentiary hearing. See id. On October 1, 2002, Petitioner filed his pro se Supplemental Brief and Exhibits with the appellate court. Exhs. #44 and #45. The

appellate court directed the State to file a supplemental brief in response, see Exh. #46, and on February 20, 2003, the State filed its Supplemental Answer Brief, see Exh. #47. On May 30, 2003, the state appellate court affirmed, per curiam, the trial court's February 11, 2002 order, without written opinion. Tucker v. State, 853 So.2d 423 (Fla. 2d DCA 2003). See Exhs. #48 and #49. Petitioner filed a pro se "Motion for Rehearing, Motion for Rehearing En Ban[c], and Motion for Certification to the Florida Supreme Court for Conflict Review" on June 13, 2003, see Exh. #50, which the state appellate court denied on August 5, 2003, see Exh. #51. Mandate issued August 28, 2003. See Exh. #52.

Continuing in his efforts to set aside his conviction, Petitioner filed a successive Rule 3.850 Motion on September 14, 2004. Exh. #54. On October 12, 2004, the trial court denied the motion as "untimely and successive." Id.[6] Petitioner sought a rehearing of the dismissal of his successive Rule 3.850 Motion, which was denied. Exhs. #56 and #57. Petitioner then filed an appeal of the denial. Exh. #58. On September 23, 2005, the appellate court affirmed, per curiam, the state court's October 2004 order, without opinion. Exh. #59. Petitioner's Motion for Rehearing, Motion for Rehearing En Banc, and Motion for

---

[6]The state appellate court's October 2004 order appears as the last two pages of Respondent's Exhibit #54. It appears that the Respondent may have inadvertently inserted the trial court's February 11, 2002 order, which denied Petitioner's original Rule 3.850 Motion at Exhibit #55.

Clarification was denied on December 6, 2005. Exh. #61. Mandate issued December 22, 2006. Exh. #62.

## II.  Claims Raised Within the Statute of Limitations

Petitioner filed his Petition and Amended Petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  Consequently, post-AEDPA law governs this action. Penry v. Johnson, 532 U.S. 782, 792 (2001); Davis v. Jones, 506 F.3d 1325, 1331, n. 9 (11th Cir. 2007).  AEDPA imposes a one-year statute of limitations on § 2254 actions.  28 U.S.C. § 2244(d). Respondent concedes that the Petition was timely filed, but contests the timeliness of the Amended Petition.  Doc. #40 at 8-16. Consequently, the Court first will address the issue of timeliness as it relates to the Amended Petition.

The statute of limitations that governs the filing of Petitioner's Petition and Amended Petition is set forth at 28 U.S.C. § 2244(d) and provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of  -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Here, Petitioner's state conviction became final on August 17, 1999 (ninety days after entry of the judgment). See Sup. Ct. R. 13.3.[7] Therefore, Petitioner had one year from that date to file a federal habeas petition, unless Petitioner could avail himself of one of the statutory provisions which extends or tolls the time period. 28 U.S.C. § 2244(d)(2). Petitioner's Rule 3.850 Motion, filed May 15, 2000, tolled the running of the federal limitations period until mandate issued on August 28, 2003, affording Petitioner until August 20, 2004, to

---

[7] United States Supreme Court Rule 13.3 states, in pertinent part, that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate. . . ." See also Chafers v. Sec., Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006).

file his federal petition. Thus, the Petition filed in this Court on August 12, 2003, was timely filed.

The Amended Petition, however, filed on May 24, 2006, is untimely since the filing of the Petition in this Court does not toll the one-year limitation period. Duncan v. Walker, 533 U.S. 167, 169, 172 (2001). Here, Petitioner did not file any other motions for post-conviction relief until after the expiration of the federal one-year limitation period had expired. Thus, the Court need not determine whether Petitioner's September 14, 2004 successive Rule 3.850 Motion for post-conviction relief may have been "properly filed." For purposes of determining the timeliness of the claims raised in the Amended Petition,[8] the Court notes that once AEDPA's limitations period expires, it cannot be reinitiated. Tinker v. Moore, 255 F.3d 1331, 1333-34 (11th Cir. 2001), cert. denied, 534 U.S. 1144 (2002). Thus, the claims first raised in the Amended Petition would appear to be untimely filed.

Further, the Court finds no justifiable reason to apply the doctrine of equitable tolling to the Amended Petition. Equitable tolling is appropriate where a petitioner establishes both extraordinary circumstances beyond his control and due diligence. Diaz v. Sec'y for Dep't. of Corr., 362 F.3d 698, 702 (11th Cir.

---

[8]Federal law is clear that where a post-conviction motion is dismissed as untimely under state law, that motion is not "properly filed" and cannot act to toll the running of the federal limitations period. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

2004).  Here, Petitioner fails to demonstrate due diligence. Indeed, Petitioner simply explains that he failed to raise all his claims in his initial Rule 3.850 Motion, because the prison inmate law clerk who was assisting Petitioner was transferred. "Doc. #51," Petitioner's Reply at 13-14. Such a contention falls far short of Petitioner's burden of showing circumstances beyond his control and due diligence with respect to the belatedly filed claims Petition.

Petitioner argues that the State's two-year limitation had expired while he was awaiting the state court's final ruling on his first Rule 3.850 Motion. Id. at 15. Petitioner reasons that his federal Petition would have been "time barred" if he had filed a second Rule 3.850 motion before filing the Petition. Id. Even assuming Petitioner's time calculations are correct, Petitioner fails to offer any explanation as to why he permitted two years to elapse prior to filing a second Rule 3.850 motion. Consequently, Grounds XVII through XXVII, which are asserted in the Amended Petition can only be deemed timely if they relate back to the claims raised in the original Petition.[9] Fed. R. Civ. P. 15(c).

---

[9]Habeas Corpus Rule 11 permits application of the Federal Rules of Civil Procedure to habeas proceedings "to the extent that the are not inconsistent with any statutory provisions or [the habeas] rules." See also Fed. R. Civ. P. 81(a)(4). Habeas petitions "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Here, Respondent did not object to the filing of the Amended Petition and now "candidly recognizes a pre-leave [sic] response would have alerted the Court to . . . [the untimeliness] of Tucker's allegations before the leave order was entered." Doc. #40 at 16. The Court, in
(continued...)

Respondent contends that none of the new claims relate back the Petition. Doc. #40 at 11-16.

In pertinent part, Rule 15(c)(1), Federal Rules of Civil Procedure, provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out- in the original pleading. . . ." The terms conduct, transaction, or occurrence are not synonymous with trial, conviction, or sentence. See Mayle v. Felix, 545 U.S. 644 (2005). In other words, the fact that a claim relates back to a petitioner's trial, conviction, or sentence, is not determinative of whether the relation back doctrine is satisfied. Rather, the test for determining whether a new claim relates back to the original claim is whether the claims "are tied to a common core of operative facts. . . ." Id. This interpretation is consistent with the factual specificity requirement set forth in Habeas Corpus Rule 2(c), which apprises petitioners that "[the petition must . . . specify all the grounds for relief . . . [and] state the facts supporting each ground." See also Mayle, 545 U.S. at 661. Thus, relation back in this context is only appropriate "when the claims added by amendment

⁹(...continued)
its Order permitting Petitioner to file an amended petition, expressly stated that "[t]he Court's acceptance of the filing of the Amended Petition should not be implied as a waiver of Fed. R. Civ. Pr. [sic] Rule 15(c)." May 24, 2006, Order of Court (Doc. #36).

arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." Id. at 657 (citing U.S. V. Craycraft, 167 F.3d 451, 457 (8th Cir. 1999)); accord Davenport v. U.S., 217 F.3d 1341, 1344, 1346 (11th Cir. 2000)(rejecting a generalized application of the relation back doctrine and expressly adopting the factually specific test set forth in Craycraft).

Petitioner's newly raised Grounds XVII and XVIII assert trial court error in connection with the trial court's October 2004, order denying Petitioner's Supplemental Rule 3.850 Motion as untimely and successive.[10] Doc. #37 at 12-34. It is apparent that these claims are wholly unrelated to the claims raised in the Petition, are removed in time, and unquestionably raise a different type of claim than those advanced in the Petition. Unlike the claims asserted in the Petition that stem from Petitioner's trial, these claims challenge post-conviction matters that occurred subsequent to the filing of the Petition; and, thus do not fall within the scope of the relation back doctrine.

---

[10]For purposes of judicial expediency, the Court could assume the application of the relation back doctrine and dismiss the additional grounds as unexhausted or procedurally barred. Instead, the Court will engage in the time-consuming analysis of determining whether each claim related back to the original Petition rather than permit Petitioner to subvert the stringent time limitations established by AEDPA.

Grounds XIX and XX of the Amended Petition allege claims of ineffective assistance of counsel in connection with two distinct jury issues: counsel's failure to object to prospective jurors not being placed under oath prior to <u>voir dire</u>, and failure to object to an allegedly biased juror. Doc. #37 at 34-40. Although Petitioner asserts a litany of ineffective assistance of counsel claims in his original Petition, he asserts only one claim concerning a jury issue. Specifically, in Ground XI, Petitioner asserts that trial counsel erred in for failing to move for a mistrial due to the fact that Juror Coleman did not disclose during <u>voir dire</u> that she had to attend an upcoming funeral. Petition at 41-42. Petitioner claims that this fact caused the jury to rush to a verdict on the second day of trial so juror Coleman could attend the funeral later that evening at 8:00. <u>Id.</u> Nowhere in his recitation of supporting facts in Ground XI does Petitioner assert any factual predicate to link the two additional claims set forth in Grounds XIX and XX of the Amended Petition to this previous claim. Further, these additional claims are remote in time, occurring before the jury was empaneled in contrast to Ground XI, which occurred immediately before the jury was charged. Consequently, Grounds XIX and XX of the Amended Petition do not relate back to the claims asserted in the original Petition.

In Grounds XXI, XXII and XXIII of the Amended Petition, Petitioner faults trial counsel for: (1) waiving Petitioner's

speedy trial rights without his consent, knowledge or permission;
(2) failing to file a motion for a speedy trial and motion to
dismiss due to the violation of Petitioner's speedy trial rights;
and (3) failing to file a motion to withdraw due to counsel's
alleged conflict of interest. Doc. #37-2 at 1-16. In Ground XIII
of his original Petition, Petitioner asserts an ineffective
assistance of counsel claim in connection with his speedy trial
rights. Petition at 48-49. In particular, Petitioner faults his
counsel for waiving his speedy trial rights on July 3, 1996,
without his consent. In support of this contention, Petitioner
details with specificity the communications between himself and
defense counsel immediately following counsel's appointment,
Petitioner's efforts to contact counsel to discuss his case, and
Petitioner's alleged attempts to ensure that his speedy trial
rights were preserved. <u>Id.</u> The Court finds Ground XXI is
essentially duplicative of Ground XIII, albeit with additional
supporting facts. Thus, Ground XXI relates back to the Petition,
and is deemed timely filed to the extent that it supplements Ground
XIII. In contrast, Grounds XXII and XXIII raise different legal
issues, and are premised on wholly unrelated sets of facts that
occurred at different points in time. Doc. #37-2 at 4-16. Grounds
XXII and XXIII do not relate back and, thus, are deemed untimely.

In Ground XXIV of the Amended Petition, Petitioner alleges yet
another claim of ineffective assistance of trial counsel based upon

counsel's failure to call certain alibi witnesses.  Doc. #37-2 at 17-24.  In particular, Petitioner faults counsel for failing to call "Connie Tucker [and] Perry, Dawn and Chloe Kent."  Id. at 17. In Ground V of the original Petition, Petitioner questions counsel's failure to call the Kent family members (Perry, Dawn and Chloe) as alibi witnesses.  However, Petitioner does not include any challenge based upon the failure to call Connie Tucker, as a potential "alibi witness," in his original Petition.  The proffered testimony of Ms. Tucker is unrelated to the proffered testimony of the Kent witnesses.  Consequently, Ground XXIV of the Amended Petition, to the extent that it alleges a claim of ineffectiveness stemming from counsel's failure to call Ms. Tucker as a witness, does not relate back and is deemed untimely.  Ground XXIV of the Amended Petition is deemed to supplement Ground V, but only to the limited extent that it elaborates upon the facts in connection with Petitioner's ineffectiveness of trial counsel's claim for failing to call the Kent family members as witnesses.

In Ground XXV of the Amended Petition, Petitioner alleges ineffective assistance of counsel based on trial counsel's failure to depose Dr. Snyderman prior to trial; to properly conduct voir dire of Dr. Snyderman at trial; and to object to the Dr. Snyderman's expert's testimony on the grounds of admissibility and reliability. Doc. #37-2 at 25-29.  Petitioner previously alleged in Ground VII of the Petition that counsel was ineffective for failing

to object to Dr. Snyderman's testimony based on hearsay testimony and failing to move for a mistrial due to this improper testimony. Petition at 26-29. In particular, Petitioner objected to three specific areas of Dr. Snyderman's testimony: (1) her testimony regarding a report prepared by another CPT member, Amy Kiss; (2) her testimony regarding notes of Dr. Young, a gynecologist, who did not testify; and (3) the failure of Dr. Snyderman's opinion testimony to comport with the Frye test. Id. at 26-28. Trial counsel's failure to take pretrial discovery is removed in time, and not related to the core of operative facts upon which Petitioner's original ineffective assistance of counsel claim in Ground VII rests. Further, Petitioner's attempt to characterize his counsel's failure to engage in a voir dire examination of Dr. Snyderman before consenting to her designation as an expert is premised on a different legal theory than his claims based on improper hearsay testimony. Consequently, Ground XXV does not relate back to the grounds set forth in the original Petition and is dismissed as untimely.

In Grounds XXVI and XXVII of the Amended Petition, Petitioner claims ineffectiveness of trial counsel based on counsel's failure to object to certain evidentiary rulings made by the court as well as counsel's failure to file motions to suppress this evidence. Doc. #37-2 at 30-38, Doc. #37-3 at 1-12. Specifically, Petitioner faults counsel for failing to object to the Court's rulings

permitting the videotaped testimony of the victim into evidence, and permitting evidence of Petitioner's domestic violence, alcohol abuse and a suicide note written by Petitioner. While Petitioner raised these evidentiary issues in Grounds I and II of his original Petition, he raised these issues as claims of trial court error, not claims of ineffective assistance of counsel. Petition at 7-10. Consequently, Grounds XXVI and XXVII of the Amended Petition are not entitled to the protection of the relation back doctrine and will be dismissed as untimely.

Petitioner seeks an evidentiary hearing in this matter. Doc. #37-3 at 19. A petitioner is restricted in his ability to use an evidentiary hearing in a federal habeas proceeding to develop facts to support his claim. A federal evidentiary hearing is only allowed if the petitioner was not at fault for failing to develop the factual bases for his claims in state court, or (if he was at fault), the conditions prescribed by § 2254(e)(2)(A) and (B) apply. Williams v. Taylor, 529 U.S. 420, 437 (2000); McNair v. Campbell, 416 F.3d 1291, 1298-1300 (11th Cir. 2005), cert. denied, 126 S.Ct. 1828 (2006). Specifically, section 2254(e)(2) provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that -
>
> (A)  the claim relies on -
>
> (I)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme

Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). Even if an evidentiary hearing is not precluded by § 2254(e)(2), a federal evidentiary hearing is not required unless a petitioner demonstrates that he would be entitled to habeas relief on his claims if his factual allegations are proven. Breedlove v. Moore, 279 F.3d 952, 960 (11th Cir. 2002). The Court has carefully reviewed the record herein and concludes that Petitioner is not entitled to an evidentiary hearing.

### III. Standard of Review and Applicable Law

The AEDPA establishes a highly deferential standard of review for state court judgments. Parker v. Sec'y for Dept. of Corrections, 331 F.3d 764 (11th Cir. 2003). Indeed, AEDPA altered the federal court's role in reviewing state prisoner applications in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002). Several aspects of § 2254, as amended by the AEDPA, are relevant to reviewing the Petition and Amended Petition.

A federal court may entertain an application for a writ of habeas corpus from a state prisoner who claims his custody violates the "Constitution or the laws or treaties of the United States." 28 U.S.C. § 2254(a). However, errors of state law are generally insufficient to warrant review or relief by a federal court under § 2254. Estelle v. McGuire, 502 U.S. 62, 67 (1991); see also Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11th Cir. 1983); Cabberiza v. Moore, 217 F.3d 1329, 1333 (11th Cir. 2000). As such, questions of state law are only reviewed to determine whether the alleged errors were so significant to the outcome of the trial that they rendered "the entire trial fundamentally unfair." Carrizales, 699 F.2d at 1055. Similarly, with respect to issues of improperly admitted evidence, the evidence "must be inflammatory or gruesome, and so critical that its introduction denied petitioner a fundamentally fair trial." Futch v. Dugger, 874 F.2d 1483, 1487 (11th Cir. 1989) (citing Dickson v. Wainwright, 683 F.2d 348, 350 (11th Cir. 1982)).

If a ground asserted warrants review by a federal court under § 2254, petitioner must have afforded the state courts an opportunity to address the federal issue. 28 U.S.C. 2254(b)(1)(A); Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir.), cert. denied, 525 U.S. 963 (1998). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). See also

Henderson, 353 F.3d at 891 ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.")(quoting Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001)); Snowden, 135 F.3d at 735 ("Exhaustion of state remedies requires that the state prisoner 'fairly presen[t] federal claims to the state courts in order to give the [s]tate the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" (quoting Duncan v. Henry, 513 U.S. 364, 365 (1995)). "'[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the [s]tate's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary." Pruitt v. Jones, 348 F.3d 1355, 1358-59 (11th Cir. 2003)(citing O'Sullivan, 526 U.S. at 845), cert. denied sub nom. Pruitt v. Hooks, 543 U.S. 838 (2004). This is required even if the state supreme court rarely grants such petitions and usually answers only questions of broad significance. O'Sullivan, 526 U.S. at 845-46.

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine." Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001), cert. denied, 534 US. 1136 (2002). Under the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar

federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." Smith, 256 F.3d at 1138; Wainwright v. Sykes, 433 U.S. 72, 81-88 (1977). "The doctrine of procedural default was developed as a means of ensuring that federal habeas petitioners first seek relief in accordance with established state procedures." Henderson, 353 F.3d at 891 (quoting Judd, 250 F.3d at 1313).

A procedural default for failing to exhaust state court remedies will only be excused in two narrow circumstances. Id. at 892. First, petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the default. "Cause" ordinarily requires "a petitioner to demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." Id.; see also Marek v. Singletary, 62 F.3d 1295, 1302 (11th Cir. 1995), cert. denied, 519 U.S. 838 (1996). Constitutionally ineffective assistance of counsel can constitute cause if that claim is not itself procedurally defaulted. Edwards v. Carpenter, 529 U.S. 446, 451-52 (2000); Henderson, 353 F.3d at 896-97. To show "prejudice," "a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different." Henderson, 353 F.3d at 892.

Second, a petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause and

prejudice, if such review is necessary to correct a fundamental miscarriage of justice. <u>Edwards</u>, 529 U.S. at 451; <u>Henderson</u>, 353 F.3d at 892. This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." <u>Henderson</u>, 353 F.3d at 892. <u>See</u> <u>also</u> <u>House v. Bell</u>, 547 U.S. 518, 522 (2006).

Even where the claim is federal in nature and has been properly exhausted, additional § 2254 restrictions apply. Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application, of clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). <u>See</u> <u>Brown v. Payton</u>, 544 U.S. 133, 141 (2005); <u>Price v. Vincent</u>, 538 U.S. 634, 638-39 (2003).

"Clearly established [Federal] law" is the governing legal principle, not the *dicta*, set forth by the United States Supreme Court at the time the state court issues its decision. <u>Yarborough v. Alvarado</u>, 541 U.S. 652, 660-61 (2004); <u>Lockyer v. Andrade</u>, 538 U.S. 63, 71-72 (2003). Where no Supreme Court precedent is on point, or the precedent is ambiguous, it cannot be said that the state court's conclusion is contrary to clearly established governing federal law. <u>Mitchell v. Esparza</u>, 540 U.S. 12, 15-16 (2003); <u>Washington v. Crosby</u>, 324 F.3d 1263, 1265 (11th Cir. 2003).

A state court decision is "contrary to" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if (1) the state court applies a rule that contradicts the governing law as set forth in Supreme Court cases, or (2) the state court confronts a set of facts that is materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. <u>Brown</u>, 544 U.S. at 141; <u>Stephens v. Hall</u>, 407 F.3d 1195, 1202 (11th Cir. 2005). A state court decision does not have to cite the Supreme Court precedent, or even be aware of it, so long as neither its reasoning nor its result contradicts Supreme Court precedent. <u>Early v. Packer</u>, 537 U.S. 3, 8 (2002); <u>Parker v. Secretary</u>, 331 F.3d 764, 775-76 (11th Cir. 2003).

A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court identifies the correct governing legal rule from Supreme Court cases but applies it to the facts of the particular inmate's case in an objectively unreasonable manner; or if the state court either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. <u>Brown</u>, 544 U.S. at 1439; <u>Bottoson v. Moore</u>, 234 F.3d 526, 531 (11th Cir. 2000). The unreasonable application inquiry requires the state court decision to be more than incorrect or erroneous; it

must be objectively unreasonable. <u>Mitchell</u>, 540 U.S. at 17-18; <u>Andrade</u>, 538 U.S. at 75; <u>Vincent</u>, 538 U.S. at 641; <u>Woodford v. Visciotti</u> 537 U.S. 19, 24, 25 (2002); <u>Williams v. Taylor</u>, 529 U.S. 362, 409-10 (2000). Depending upon the legal principle at issue, there can be a range of reasonable applications. <u>Alvarado</u>, 541 U.S. at 663-64. Thus, a federal court's review is not <u>de novo</u>, but requires a showing that the state court decision is objectively unreasonable. <u>Id.</u> at 665.

A § 2254 petitioner can also obtain relief by showing that a state court decision "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(2). Factual findings by a state court are presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); <u>Miller-El v. Dretke</u>, 545 U.S. 231, 240 (2005); <u>Henderson</u>, 353 F.3d at 890-91. The statutory presumption of correctness applies only to findings of fact made by the state court, not to mixed determinations of law and fact. <u>Parker v. Head</u>, 244 F.3d 831, 836 (11th Cir. 2001). Ineffective assistance of counsel claims present mixed questions of law and fact, <u>Rolling v. Crosby</u>, 438 F.3d 1296, 1299 (11th Cir.), <u>cert. denied sub nom. Rolling v. McDonough</u>, 126 S. Ct. 2943 (2006). As such, the Court reviews such claims <u>de novo</u>.

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel. That right is denied when a defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense." <u>Yarborough v. Gentry</u>, 540 U.S. 1, 5 (2003) (per curiam). In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered ineffective assistance.[11] A petitioner must show: (1) that counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" based upon "prevailing professional norms"; and (2) that the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. <u>Strickland</u>, 466 U.S. at 687-88, 694. "The petitioner's burden to prove, by a preponderance of the evidence, that counsel's performance was unreasonable is a heavy one." <u>Jones v. Campbell</u>, 436 F.3d 1285, 1293 (11th Cir. 2006), <u>cert. denied</u>, 127 S. Ct. 619 (2006). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 477 (2000)(quoting <u>Strickland</u>, 466

_____

[11] After the enactment of AEDPA, the two part standard enunciated in <u>Strickland</u> remains applicable. <u>See</u> <u>Wellons v. Hall</u>, 554 F.3d 923, 932 (11th Cir. 2009).

U.S. at 690).  "[H]indsight is discounted by pegging adequacy to 'counsel's perspective at the time' . . . and by giving a 'heavy measure of deference to counsel's judgments.'" Rompilla v. Beard, 545 U.S. 374, 381 (2005) (citations omitted).  If counsel's performance falls "below the line of reasonable practice, there is a further question about prejudice, that is, whether 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. at 390 (quoting Strickland, 460 U.S. at 694).

This judicial scrutiny is "highly deferential." Roe, 528 U.S. at 477.  A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  Strickland, 466 U.S. at 689.  The presumption here, that Mr. Rinard's performance was reasonable, is even stronger since the record reflects that he was an experienced criminal defense attorney.[12]  Additionally, the Court notes that an attorney is not ineffective for failing to raise or preserve a meritless

---

[12] "When courts are examining the performance of an experienced trial counsel, the presumption that his conduct was reasonable is even stronger." Chandler v. United States, 218 F.3d 1305, 1316 (11th Cir. 2000) (en banc), cert. denied, 531 U.S. 1204 (2001).  At the September 21, 2001, evidentiary hearing, Mr. Rinard testified that he had been practicing criminal law since 1983, specializing in "child victim crimes" for the past five years. EH Tr. at 43-44; see Williams v. Head, 185 F.3d 1223, 1229 (11th Cir. 1999) (noting that "[i]t matters to our analysis" whether the attorney is an experienced criminal defense attorney), cert. denied, 530 U.S. 1246 (2000)).

issue.  <u>Ladd v. Jones</u>, 864 F.2d 108, 109-10 (11th Cir. 1989);

<u>United States v. Winfield</u>, 960 F.2d 970, 974 (11th Cir. 1992).

The Eleventh Circuit has captured the essence of an ineffectiveness claim:

> [A] petitioner must show that his lawyer's performance fell below an "objective standard of reasonableness" and that the lawyer's deficient performance prejudiced the petitioner. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Establishing these two elements is not easy: "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." <u>Waters v. Thomas</u>, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting <u>Rogers v. Zant</u>, 13 F.3d 384, 386 (11th Cir. 1994)).

> For assessing a lawyer's performance, <u>Chandler v. United States</u>, 218 F.3d 1305 (11th Cir. 2000) (en banc) <u>cert. denied</u>, 531 U.S. 1204, 121 S.Ct. 1217, 149 L.Ed.2d 129 (2001), sets out the basic law: "Courts must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment." <u>Id.</u> at 1314 (internal marks omitted). . . . Our role in reviewing an ineffective assistance claim is not to "grade" a lawyer's performance; instead, we determine only whether a lawyer's performance was within "the wide range of professionally competent assistance." <u>See</u> <u>Strickland</u>, 104 S.Ct. at 2066.

> The inquiry into whether a lawyer has provided effective assistance is an objective one: a petitioner must establish that no objectively competent lawyer would have taken the action that his lawyer did take. <u>See</u> <u>Chandler</u>, 218 F.3d at 1315.

> A petitioner's burden of establishing that his
> lawyer's deficient performance prejudiced his
> case is also high. "It is not enough for the
> [petitioner] to show that the errors had some
> conceivable effect on the outcome of the
> proceeding. Virtually every act or omission
> of counsel would meet that test." _Strickland_,
> 104 S.Ct. at 2067. Instead, a petitioner must
> establish that a reasonable probability exists
> that the outcome of the case would have been
> different if his lawyer had given adequate
> assistance. _See_ _Id._ at 2068.[13]

_Van Poyck v. Fla. Dep't. of Corr._, 290 F.3d 1318, 1322-23 (footnotes omitted).

In sum, "[w]ithout proof of both deficient performance and prejudice to the defense, . . . it could not be said that the sentence or conviction 'resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable,' and the sentence or conviction should stand." _Bell_, 535 U.S. at 695 (internal citation omitted) (quoting _Strickland_, 466 U.S. at 687. _See_ _also_ _Holladay v. Haley_, 209 F.3d 1243, 1248 (11th Cir. 2000)(recognizing that the court is not required to address the prejudice prong if the petitioner is unable to satisfy the performance prong, and vice-versa).

---

[13] However, "when a defendant raises the unusual claim that trial counsel, while efficacious in raising an issue, nonetheless failed to preserve it for appeal, the appropriate prejudice inquiry asks whether there is a reasonable likelihood of a more favorable outcome on appeal had the claim been preserved." _Davis v. Sec'y for Dep't of Corr._, 341 F.3d 1310, 1316 (11th Cir. 2003) (per curiam).

## IV. Findings of Fact and Conclusions of Law

The events giving rise to the offenses at issue occurred between January 1, 1995, and September 1, 1995. The child victims, S.I. and D.P., were sisters and resided with their mother and Petitioner, who was the mother's live-in boyfriend during the above time period. The court held a Williams' Rule[14] and Florida Statutes section 803.23 (Hearsay), section 90.803(23),[15] Statement of Child Victim hearing on March 12, 1997, and April 11, 1997 ("WH Tr."). With regard to the Williams' Rule issue, the victim's mother testified regarding Petitioner's intoxication and physical abuse, a prior incident when Petitioner hit victim D.P. with a phone, and a note or a "will" written by Petitioner. WH Tr. at pp. 3, line 15 to p. 24, line 18. Child Protective Team ("CPT") members, Jolene Smith and Kriston Morris testified regarding the videotaped testimony of child victims, S.I. and D.P. Id. at pp. 25-49. The court listened to part of the videotaped testimony of the child victim S.I. at the hearing, and completed the viewing of the

---

[14]Williams v. State, 110 So.2d 654 (1959)(evidence relating to similar facts, which point to the commission of a similar crime, is relevant for any purposes, other than showing bad character or propensity, and may be admitted).

[15]Florida Statutes section 90.803(23) was adopted to balance the need for reliable out-of-court statements of child abuse victims and the right of the accused and creates a limited exception to the hearsay rule for reliable statements of children eleven years or less which describes an act of sexual abuse upon, by, with or in the presence of the child victim, if the enumerated foundation requirements are met. 1 Fla. Prac., Evidence, § 803,23 (2007 ed.).

videotaped statements of S.I. and D.P. on May 1, 1997, before the
start of trial. After ruling that certain portions of the child
victims' videotaped statement would have to be excised, the court
found as follows:

> The rest of it, the testimony they say occurred to them,
> I think, does have trustworthiness. I've considered the
> physical and mental age of both of them. They're quite
> mature for their age. They're well spoken. I've
> considered the nature and duration of this abuse, it
> happened a few weeks within the time of this interview,
> the relationship of the child to the alleged abuser in
> nature of a stepparent. I don't think there's any
> faultiness in the reliability of the assertion or the
> reliability of either child.

WH Tr. at 75, line 4 to p. 76, line 24.

At trial, child victim S.I. testified that Tucker touched her
on her "private," but denied any penetration. T Tr. at 17-32.
Child victim, D.P. testified that Petitioner touched her private
and placed his "pointer finger" inside her after dipping his finger
into a glass of iced tea. Id. at 83-88. D.P. also testified that
Tucker pulled down his pants and grabbed her hand to make her touch
his private but she pulled it away and ran out of the room. Id. at
89-93. The Court, upon motion by the defense, granted a judgment
of acquittal in favor of defendant as to Count I, the charge of
digital penetration against child victim S.I., and as to Count III,
lewd, lascivious or indecent manner by exposing his genitals and
placing the victim's hand on his penis. Id. at 315-322. However,
the court found that the State had made a prima facie case as to

Count II, capital sexual battery by digital penetration as to D.P. Id. at 322.

**A. Grounds I, II, and III- Trial Court Error**

Respondent seeks dismissal of Grounds I, II, and III of the Amended Petition on the basis that these claims do not involve issues of federal law, and to the extent they do, they are procedurally barred. Doc. #40 at 24, 26, 35, 40. The Court agrees. In Ground I, Petitioner alleges that the trial court erred in admitting evidence of his alleged domestic violence, alcohol abuse and the so-called "suicide" note. This issue was raised on direct appeal, and as Ground I in the original Petition and in the Amended Petition. In Ground II, Petitioner claims the trial court erred in admitting hearsay statements of the victim. This issue was raised on direct appeal and as Ground II in the original Petition and in the Amended Petition. Specifically, Petitioner contends the trial court's findings of reliability regarding the children's testimony were inadequate under the state law hearsay exception and violated the confrontation clause. In Ground III, Petitioner alleges the State committed fundamental error during closing argument when it advocated a conviction based upon the charge of which Petitioner was acquitted. This issue was raised on direct appeal and as Ground III in the original Petition and in the Amended Petition.

Here, the Court may not inquire into the validity of the trial court's application of State law. <u>Carrizales</u>, 699 F.2d at 1054-55; <u>Cabberiza</u>, 217 F.3d at 1333. Further, each of these claims was raised on direct appeal at the state court level, but only based upon the allegation that Petitioner's rights under state law were violated. Petitioner did not suggest any basis for finding a violation of his federal constitutional rights. The "limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process." <u>Branan v.Booth</u>, 861 F.2d 1507, 1508 (11th Cir. 1988). <u>See also</u> <u>Johnson v. Rosemeyer</u>, 117 F.3d 104, 110 (3rd Cir. 1997) ("errors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause.").

Upon review of the record, the Court finds that Petitioner raised three issues in his direct appeal each of which addressed only arguments of state law.[16] <u>See</u> Exh. #1 at 15-21, 21-28, 29-33. Briefing an issue as a matter of state law is not sufficient to exhaust a federal claim on the same grounds. <u>Duncan</u>, 513 U.S. at 366 ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court."); <u>see also</u> <u>Ziegler v. Crosby</u>, 345 F.3d 1300, 1307 (11th Cir. 2003). Here, Petitioner's Brief on

---

[16] Specifically, Petitioner's arguments relied on various Florida Statutes as well as the Florida Rules of Evidence. <u>See</u> <u>id.</u>

Appeal fails to allege any violation of the U.S. Constitution or law of the United States.  See generally Exh. #1.  Consequently, Petitioner, is not entitled to relief from this Court on these Grounds I, II, and III of his original Petition because each of these claims involve issues of State law which do not rise to the level of a federal constitutional violation.  Additionally, Petitioner failed to assert any of these claims in terms of a federal constitutional violation at the state court level.  Thus, his constitutional claims are unexhausted and now procedurally defaulted.  The Court finds Petitioner has not established either cause or prejudice to overcome his procedural defaults.  Nor does Petitioner suggest facts establishing a necessity to cure a fundamental miscarriage of justice.  Consequently, the Court will deny the Petition and Amended Petition as to Grounds I, II and III.

Even assuming error based on any of these claims, upon a complete review of the record, the Court does not find that they rendered the trial fundamentally unfair.  Carrizales, 699 F.2d at 1055.  Moreover, while not directly asserted in his direct appeal, to the extent Petitioner claims that the admission of D.P.'s videotaped statement denied him his Sixth Amendment right of confrontation, the Court finds such claim to be without merit. D.P. testified at trial and was subject to cross examination. Thus, Petitioner was afforded the right to confront the witness. Petitioner's right to cross-examine D.P. at trial concerning her

current and prior testimony satisfied the commands of the Confrontation Clause.  See California v. Green, 399 U.S. 149, 159-61 (1970); see also United States v. Owen, 484 U.S. 554, 560 (1988).

**B.   Grounds IV-XV-Ineffective Assistance of Counsel:**

Grounds IV-XV are deemed exhausted only to the extent they were raised in Petitioner's Rule 3.850 Motions and in his appeal to the state appellate court.  See Leonard v. Wainwright, 601 F.2d 807, 808 (5th Cir. 1979)[17] (recognizing that in Florida, exhaustion of a rule 3.850 claim includes an appeal from its denial.).  In Ground IV, Petitioner asserts that trial counsel was ineffective for failing to object to the jury viewing the videotaped statement of the victim "D.P." during deliberations.  This Ground was raised in Petitioner's Supplemental Rule 3.850 Motion, and the court granted an evidentiary hearing on this issue. Collateral counsel raised this issue on appeal, and the appellate court affirmed, per curiam, the trial court's order.  Because there are qualifying state court decisions, this issue must be addressed applying the deferential standard for federal review of state court adjudications, as required by AEDPA.  Thus, the Court turns to the "contrary to" and "unreasonable application" components of the

---

[17]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

statute.  In doing so, the Court notes that "[i]t is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide."  Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001), cert. denied, 537 U.S. 978 (2002).

Upon a thorough review of the record and the applicable law, the Court determines that Petitioner is not entitled to relief on the basis of this claim.  The state courts' adjudications of the claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

In evaluating the performance prong of the Strickland ineffectiveness inquiry, there is a strong presumption in favor of competence.  Indeed, Petitioner must establish that no competent attorney would have taken the action that counsel, here, chose. United States v. Freixas, 332 F.3d 1314, 1319-20 (11th Cir. 2003). The undersigned agrees with the trial court's conclusion in denying the Rule 3.850 Motion, that Petitioner failed to show deficient performance by defense counsel.  Exh. #55.

At the evidentiary hearing it was established that the jury requested to view the videotaped interview of the victim during their deliberations.  EH Tr. at p. 13, line 20 to p. 14, line 17. Defense counsel testified that he did not object to permitting the

jury to review the videotape because it had already been played during the trial, and a proper foundation had been laid before the videotape was originally admitted into evidence at trial. Id. at p. 15, line 17 to p. 16, line 16. Further, it was defense's contention that the incidents had been fabricated by the victims. Ex. 53 at 434-35; Rinard Depo., pp. 8-9. Consequently, counsel's strategy in downplaying the significance of the videotape can be considered a sound trial strategy. Chandler, 218 F.3d at 1314.

Even assuming arguendo deficient performance by defense counsel, the Court finds that Petitioner has not shown prejudice. Petitioner has not shown that a reasonable probability exists that the outcome of the case would have been different if his lawyer had objected to the videotape being shown to the jury given the other independent evidence of Petitioner's guilt; specifically, the in court testimony of the child victim. Thus, the Court finds that Petitioner's claim of ineffectiveness of trial counsel on this ground to be without merit under both the deficient performance and prejudice prongs of Strickland.

In Ground V, Petitioner alleges that his counsel was ineffective for failing to call "alibi" witnesses Terry Bernard and Dr. Marilyn Young, as well as Perry, Dawn and Chloe Kent. Petitioner asserted this issue as the fourth ground of his Supplemental Rule 3.850 Motion, but only as to Terry Bernard and Dr. Young. Exh. #7 at 82-84. Additionally, at the evidentiary

hearing, Petitioner presented evidence only as to trial counsel's failure to call Terry Bernard and Dr. Young as witnesses. The trial court denied Petitioner's request for relief on these claims, and the appellate court affirmed the trial court's order. Because there are qualifying state court decisions as to Petitioner's claims regarding Terry Bernard and Dr. Young, they will be addressed applying the deferential standard for federal review as required by AEDPA.

Upon a thorough review of the record and the applicable law, the Court concludes that Petitioner is not entitled to habeas relief on the basis of his claims regarding Terry Bernard and Dr. Young. The state courts' adjudications of these claims were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

As recognized by the trial court in denying post conviction relief, Petitioner failed to present evidence of deficient performance by trial counsel. Exh. #55. In particular, Petitioner failed to show deficient performance regarding the decisions not to call Ms. Bernard or Dr. Young as witnesses. "Failing to call a particular witness constitutes ineffective assistance of counsel only when the absence of the witness's testimony amounts to the abandonment of a viable, outcome-changing defense." <u>Jones v.</u>

<u>Crosby</u>, No. 8:05-cv-085-T-27MSS, 2008 WL 591043 *11 (M.D. Fla.
March 3, 2008)(<u>quoting</u> <u>Jordan v. McDonough</u>, No.6:06-cv-1446-Orl-
19KRS, 2008 WL 89848 *5 (M.D. Fla. Jan. 7, 2008)).  "In all other
cases, the failure to call a witness is either an objectively-
reasonable strategic decision or a non-prejudicial error."  <u>Id.</u>

At the evidentiary hearing, Petitioner denied ever discussing
the need to call either of these witnesses with his trial counsel.
EH Tr. at 45, lines 9-14.  Nonetheless, Petitioner claims that
Terry Bernard, the victim's babysitter, was deposed in the case and
testified during her deposition that she "hadn't seen any warning
signs that [D.P] had been sexually abused." Exh. #7 at 82.
Additionally, Petitioner contends that Ms. Bernard acknowledged
that the girls did not appear afraid of him and were not reluctant
to leave when Petitioner picked them up to go home with him.  <u>Id.</u>
Petitioner argued at the evidentiary hearing that Ms. Bernard, who
was "trained in the area of looking for sexual abuse," could have
been called as a witness for the defense to testify that she did
not see any signs of abuse and to rebut the State's claim that the
victim did not disclose the sexual abuse because she feared him.
EH Tr. at p. 46 line 18, to p. 47 line 11.  Trial counsel explained
at the evidentiary hearing that the defense "was that there was a
reason for these girls to lie about the allegations against Mr.
Tucker, and testimony from anyone who would say that there wasn't
any animosity between the two girls and Mr. Tucker would seem to be

inconsistent with that defense." Id. at p. 7 line 21 to p. 8 line 1. Here, based on the record before this Court, defense counsel's performance with regard to this issue was not deficient. See Jones v. Kemp, 678 F.2d 929, 931 (11th Cir. 1982) (finding defense counsel's decision not to proffer testimony inconsistent with chosen defense was not ineffective assistance of counsel).

Even assuming arguendo deficient performance by defense counsel with regard to this claim, the Court finds that Petitioner has not shown prejudice. Petitioner has not shown that a reasonable probability exists that the outcome of the case would have been different if his lawyer had called Ms. Bernard as a witness. Thus, the Court finds that Petitioner's claim of ineffectiveness of trial counsel with regard to the failure to call this witness to be without merit under the prejudice prong of Strickland.

At the evidentiary hearing, Petitioner claimed that testimony by Dr. Marilyn Young, a gynecologist who examined the victim, would have clarified the penetration issue to the jury. EH Tr. at p. 46 lines 7-17. Trial counsel explained that he had intended to call Dr. Young, who does evaluations for CPT, but she was "out of town and unavailable" for trial. Id. at p. 9, lines 1-3. Additionally, counsel explained that he was hesitant to delay the trial because Petitioner "was anxious to go to trial." Id. at lines 9-13. In fact, Petitioner had filed a pro se motion demanding a speedy

trial.  Id. at p. 38, line 20 to p.40, line1.  Consequently, counsel and the prosecutor agreed to waive any hearsay objections and permit the another CPT physician who had also examined the victims, Dr. Snyderman, to comment upon Dr. Young's written report during her testimony.  Id. at p.9, lines 3-8.  Trial counsel stressed that it was the information that was contained in Dr. Young's written report that was helpful to Petitioner.  Id. at p. 10, lines 2-4.  Trial counsel was able to elicit the testimony about the substance of Dr. Young's report from Dr. Snyderman.  Id. at p. 40, lines 2-7.  In fact, in his summation at closing, trial counsel reminded the jury of Dr. Young's examination of D.P., her findings, and the victim's statements to Dr. Young.  T Tr at 400-01.  Here, the Court finds, based on a review of the record, that defense counsel's performance with regard to this issue was not deficient.

Even assuming arguendo deficient performance by defense counsel with regard to the failure to call Dr. Young, the Court finds that Petitioner has not shown prejudice.  As the evidence that would have been provided by Dr. Young was presented to the jury, Petitioner has not shown a reasonable probability that the outcome of the case would have been different if his lawyer had given the assistance that Petitioner alleges he should have provided.  Thus, the Court finds that Petitioner's claim of

ineffectiveness of trial counsel with regard to the failure to call Dr. Young to be without merit.

Petitioner did not raise trial counsel's failure to call Perry, Dawn and Chloe Kent as witnesses, in his original Rule 3.850 Motion, his Supplemental Rule 3.850 Motion, or at the evidentiary hearing. Instead, Petitioner raised this issue for the first time as part of Ground One in his Supplemental Brief on Appeal. Exh. #44 at 5. There Petitioner asserted that he notified defense counsel that these three people "had exculpatory testimony that would show that the Mother of the alleged victim . . . plotted and falsified the charges against [him] and she had previously done this type of thing to two (2) other men in Michigan after a domestic dispute." Id. at 9. Respondent did not brief this issue on the merits to the appellate court and instead argued that this issue was procedurally barred. Exh. #47 at 10. In particular, Respondent stated that the "[the appellate court] is foreclosed from reviewing these names in this issue due to [Petitioner's] failure to preserve such for appellate review." Id. The appellate court did not address the issue as to these witnesses and instead affirmed, per curiam, the state court's denial of Petitioner's post-conviction motions. Doc. #48. Consequently, the Court finds that Petitioner is procedurally barred from raising this claim before this Court. Bailey v. Nagel, 172 F.3d 1299, 1303 (11th Cir. 1999); Bennet v. Fortner, 863 F.2d 804, 807 (11th Cir. 1989).

Further, Petitioner fails to articulate any cause to excuse the default and any actual prejudice resulting from the bar. Smith v. Jones, 256 F.3d at 1138. Additionally, Petitioner has not shown a basis for any finding that habeas review is necessary to correct a fundamental miscarriage of justice exception. Id. Consequently, Petitioner's claim as to this issue is procedurally barred.

Moreover, the Court notes that Petitioner's unsubstantiated allegations are facially insufficient to support an ineffective assistance of counsel claim as to the failure to call these witnesses. "Evidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or an affidavit. A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim." Jordan v. McDonough, 2008 WL 89848 *5 (quoting United States v. Ashimi, 932 F.2d 643, 650 (7th Cir. 1991)). Having failed to provide such evidence, Petitioner's claims as to these witnesses would likewise be due to be denied on the merits.

In Ground VI, Petitioner asserts that trial counsel was ineffective because he failed to object to the trial court's allegedly insufficient findings of reliability prior to its admission of the videotaped hearsay statement of the victim. As previously noted, the trial court conducted a pretrial hearing to determine the admissibility of the statement during which it heard

testimony from two CPT investigators, and reviewed the videotape. Having done so, the court concluded that the videotaped statement satisfied the enumerated foundation requirements for the hearsay exception set forth in Florida Statutes section 90.403. <u>See</u> discussion <u>supra</u> at 37-38. Petitioner argues that the trial court made an improper finding of reliability; thus, trial counsel was inadequate for failing to object to the trial court's admission of this evidence. Exh. #44 at 12. Petitioner maintains that this issue was raised in his Supplemental Rule 3.850 Motion, at the evidentiary hearing and on appeal. <u>Id.</u> However, in his initial Rule 3.850 Motion, Petitioner raised an ineffective of assistance claim stemming from counsel's failure to object to the victim's videotaped statement going back to the jury during deliberations rather than his failure to object to the court's admission of the statement into evidence. Thus, this "new claim[] depend[s] upon events separate in 'both time and type' from the originally raised episodes," <u>see</u> <u>Mayle</u>, 545 U.S. at 657, and does not relate back to Petitioner's ineffective assistance claim concerning the victim's videotape statement being replayed to the jury.

Nevertheless, the Court agrees with Respondent that although Petitioner raised this issue in his Supplemental Rule 3.850 Motion, he failed to offer any direct evidence or testimony in support of his contentions at the evidentiary hearing despite the trial court's agreement to hear evidence on the issue. EH Tr. at p. 1,

lines 7-9.  In its Response urging the appellate court to affirm
the trial court's denial of Petitioner's post conviction motions,
Respondent did not address this issue on the merits and argued only
that Petitioner's failure to preserve this issue for appellate
review "foreclosed [the appellate court] from reviewing" it due to
it being procedurally barred.  Exh. #47 at 11.  The appellate court
apparently agreed as it affirmed the state court's denial of the
post-conviction motion without further consideration of this claim.
Exh. #48.  Consequently, the Court finds that Petitioner is
procedurally barred from raising this claim before this Court.
Bailey, 172 F.3d at 1303;  Bennet, 863 F.2d at 807.  Further,
Petitioner fails to articulate any cause to excuse the default and
any actual prejudice resulting from the bar.  Smith, 256 F.3d at
1138.  Nor has Petitioner shown that he has satisfied the
fundamental miscarriage of justice exception.  Id.

Even if the Court assumes that this claim is not procedurally
barred, Petitioner has failed to establish that habeas relief is
warranted on this basis.  The state courts' adjudications of the
claim were not contrary to clearly established federal law, did not
involve an unreasonable application of clearly established federal
law, and were not based on an unreasonable determination of the
facts in light of the evidence presented in the State court
proceedings.  Moreover, in order for Petitioner to prevail on his
ineffectiveness claim, the Court would have to first determine that

the trial court indeed had improperly admitted the victim's videotaped statement into evidence. As a general rule, "habeas courts do not sit to review questions solely evidentiary in nature". <u>Osborne v. Wainwright</u>, 720 F.2d 1237, 1238 (11th Cir. 1983). Indeed, evidentiary rulings by a state court raise a habeas issue only when they are erroneous and deny "fundamental fairness" to a criminal defendant. <u>Williams v. Kemp</u>, 846 F.2d 1276, 1281 (11th Cir. 1988). Here, such is not the case.

Last, and perhaps most importantly, the Court concludes that the record contradicts Petitioner's assertion that trial counsel failed to object to the admission of the videotaped statement. In fact, counsel objected and preserved his objection both, initially at the Williams' Rule hearing, and again at the time the trial court permitted the edited version of the videotape into evidence. T Tr. at 65-66.

> MR. RINARD: We're not going --without waiving our objection to the Court's original ruling on the admissibility of the —
>
> THE COURT: Oh, I understand -
>
> MR. RINARD: --hearsay.
>
> THE COURT: --that under 90.80323, you think that my findings are incorrect and you still object to the admission of the tapes themselves; however, since I've admitted the tape without waiving your objection . . .
>
> <u>Id.</u> at 65, lines 10-18.

Consequently, the Court finds Ground VI to be without merit, if not procedurally barred.

In Ground VII, Petitioner argues that he was denied effective assistance of counsel because counsel failed to object and move for a mistrial when Dr. Snyderman proffered improper and prejudicial hearsay testimony. In particular, Petitioner asserts that trial counsel failed to object to testimony by Dr. Snyderman concerning statements that the victim made to Amy Kiss, a CPT member. Petitioner raised this issue in his Rule 3.850 Motion, and the court held an evidentiary hearing on this issue. After hearing all the evidence, the state court denied Petitioner relief on this issue, and the appellate court affirmed. Because there are qualifying state court decisions, this issue should be addressed applying the deferential standard for federal review of state court adjudications, as required by AEDPA.

Upon a thorough review of the record and the applicable law, the Court finds that Petitioner is not entitled to habeas relief on the basis of this claim because the state courts' adjudications of the claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. Indeed, as recognized by the state court in denying

the Rule 3.850 Motion, Petitioner failed to make a showing of deficient performance as required by <u>Strickland</u>. Exh. #55.

Trial counsel testified at the evidentiary hearing that he did not object to Dr. Snyderman's testimony because she was qualified as an expert, and experts are permitted to review information supplied by other persons in reaching their conclusion. EH Tr. at p.19, lines 20-24. Counsel admitted, in hindsight, that he should have objected. <u>Id.</u> at line 25 to p. 20, line 3. But, also acknowledged that even if he had raised an objection, the trial judge would have denied the hearsay objection based on the circumstances. <u>Id.</u> at p. 42, lines 1-13. Here, the Court finds based on the record that defense counsel's performance with regard to this issue was not deficient. <u>See</u> <u>Geralds v. State</u>, 674 So. 2d 96, 100 (Fla. 1996)(expert is permitted to express opinion based on facts disclosed to expert "at or before" trial); <u>Bender v. State</u>, 472 So. 2d 1370, 1371 (Fla. 3d DCA 1985)("hearsay rule poses no obstacle to expert testimony premised . . . upon tests, records, data, or opinions of another where such information is of a type reasonably relied upon by experts in the field"). Thus, the claim raised in Ground VII will be denied on the merits.

Even assuming <u>arguendo</u> deficient performance by defense counsel with regard to this claim, the Court finds that Petitioner has not shown prejudice. Significantly, Petitioner has not shown that a reasonable probability exists that the outcome of the case

would have been different if his lawyer had objected to the testimony as he contends. Thus, the Court further finds that Petitioner's claim of ineffectiveness of trial counsel on this Ground is without merit under the prejudice prong of <u>Strickland</u>.

In Ground VIII, Petitioner claims he was denied effective assistance of counsel when counsel failed to communicate the State's plea offer to him. Petitioner raised this issue in his Rule 3.850 Motion and the court held an evidentiary hearing, before denying Petitioner relief on this basis. The appellate court affirmed the state court's decision. Because there are qualifying state court decisions, this claim is reviewed applying the deferential standard for federal habeas petitions under AEDPA.

Upon review of the record and the applicable law, the Court concludes that Petitioner is not entitled to relief on the basis of this claim because the state courts' adjudications of the claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. Further, as recognized by the state court in denying the Rule 3.850 Motion, Petitioner failed to make a showing of deficient performance as required by <u>Strickland</u>. Exh. #55.

The record is replete with testamentary and documentary evidence that defense counsel did communicate the State's plea

offer to [Petitioner], who declined the offer, opting instead for a "wait and see" approach. E.H. p. 20, line 7 to p. 27, line 7. Significantly, Petitioner wanted to wait to see if the victims would agree to testify, and wanted to wait to review the victim's videotaped statements. The trial court was not inclined to delay the trial to permit Petitioner further time to reconsider his previous decision declining the State's offer. Id. at p. 27, lines 1-7. Consequently, the Court finds that defense counsel's performance was not deficient, and Ground VIII will be denied on the merits.

In Ground IX, Petitioner contends that his counsel was ineffective for failing to move for a judgment of acquittal on Count II. Petitioner raised this issue in his Rule 3.850 Motion and the court granted an evidentiary hearing on this issue. After hearing all the evidence, the court denied Petitioner relief on this basis, and the appellate court affirmed the trial court's order. Because there are qualifying state court decisions, this issue will be addressed applying the deferential standard for federal review of state court adjudications, as required by AEDPA.

Upon a thorough review of the record and the applicable law, the Court concludes that Petitioner is not entitled to relief on the basis of this claim because the state courts' adjudications of the claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established

federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Additionally, as recognized by the state court in denying the Rule 3.850 Motion, Petitioner failed to make a showing of deficient performance as required by <u>Strickland</u>. Exh. #55.

Trial counsel testified that he deemed it "unethical" to move for a judgment of acquittal and allege that the State had failed to make out a <u>prima</u> <u>facie</u> case, when the State clearly presented sufficient evidence of the alleged crime against the victim. EH Tr. at p.29, lines 7-25. As counsel's performance cannot be deficient for failing to raise a meritless contention, the Court finds, based on the record that Petitioner failed to show that counsel's performance was deficient. Consequently, Ground IX will be denied on the merits.

Even assuming <u>arguendo</u> deficient performance by defense counsel with regard to this claim, the Court finds that Petitioner has not shown prejudice. Significantly, Petitioner has not provided any basis to suggest that a reasonable probability exists that the outcome of the case would have been different if his lawyer had made such a motion, or that the motion would have been granted. <u>See</u> <u>Ziegler</u>, 345 F.3d at 1308-09. Thus, the Court finds that Petitioner's claim of ineffectiveness of trial counsel on this Ground is without merit under the prejudice prong of <u>Strickland</u>.

In Ground X, Petitioner claims ineffective assistance of counsel based upon counsel's failure to move to sever the charges against him. Petitioner raised this issue in his Supplemented Rule 3.850 Motion, and the court held an evidentiary hearing on the issue. After hearing all the evidence, the Court denied Petitioner's request for relief on this issue, and the appellate court affirmed, <u>per curiam</u>, the trial court's order. As there are qualifying state court decisions, this will be addressed applying the deferential standard for federal review of state court adjudications, as required by AEDPA.

Having reviewed the record and the applicable law, the Court concludes that Petitioner is not entitled to relief on the basis of this claim because the state courts' adjudications of the claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. As recognized by the state court in denying the Rule 3.850 Motion, Petitioner failed to make a showing of deficient performance as required by <u>Strickland</u>. Exh. #55.

Trial counsel testified that he decided against moving to sever the charges, despite there being two separate victims, because he believed the State would have filed a Williams' Rule notice, which trial counsel believed would have been granted.

Thus, trial counsel reasoned that the jury would have heard all the same testimony in each separate trial that they heard in the combined trial. EH Tr. at p. 32, lines 4-14. As a matter strategy, counsel stated, "I don't like the idea of giving the State two different chances of convicting my client." Id. at lines 14-16. Given counsel's reasonable strategic explanation, as well as consideration of the record, the Court finds that Petitioner has failed to establish that counsel's performance in this regard fell below professional norms. As counsel's performance was not deficient, Ground X will be denied on the merits.

Even assuming deficient performance by defense counsel with regard to this claim, the Court finds that Petitioner has not shown prejudice. Petitioner has not shown that a reasonable probability exists that the outcome of the case would have been different if his lawyer had given the assistance that Petitioner alleges he should have provided. Thus, the Court finds that Petitioner's claim of ineffectiveness of trial counsel on this basis is without merit under the prejudice prong of Strickland, as well.

In Ground XI, Petitioner asserts ineffectiveness of trial counsel based upon counsel's failure to object and move for a mistrial because juror Coleman failed to disclose during voir dire that she had to attend a funeral during trial. Essentially, Petitioner argues that the deliberations were rushed because the juror wanted to attend a funeral and failed to disclose this fact

during voir dire.  EH Tr. at p. 33, line 23 to p. 34, line 17.

Petitioner argues that trial counsel was ineffective for failing to

make "an objection or failing initially to require an alternate

juror  or [sic] be involved." Id. at line 14-17.  Petitioner raised

this issue in his Supplemented Rule 3.850 Motion, and the court

granted an evidentiary hearing on this issue.  After hearing all of

the evidence, the court denied Petitioner relief on this issue,

finding that counsel's performance was not deficient.  See Exh. #55

and Exh. #48.  The appellate court per curiam affirmed the court's

order.  Because there are qualifying state court decisions, this

claim is addressed applying the deferential standard for federal

review of state court adjudications, as required by AEDPA.

Upon a thorough review of the record and the applicable law,

the Court concludes that Petitioner is not entitled to relief on

the basis of this claim because the state courts' adjudications of

the claim were not contrary to clearly established federal law, did

not involve an unreasonable application of clearly established

federal law, and were not based on an unreasonable determination of

the facts in light of the evidence presented in the state court

proceedings.  Indeed, upon independent review of the record, the

Court concludes Petitioner failed to satisfy either prong of the

Strickland standard as to this issue.

Trial counsel testified that had he thought the jury was being

rushed, he would have made a motion with the court, which he did

not.  EH Tr. at p. 42, line 14 to p. 43, line 21.  Petitioner provided no evidentiary basis for rejecting counsel's explanation. The Court finds, based on the record, that defense counsel's performance was not deficient.  Consequently, Ground XI will be denied on the merits.

Even assuming deficient performance by defense counsel with regard to this basis, the Court finds that Petitioner has not shown prejudice.  Petitioner has not shown that a reasonable probability exists that the outcome of the case would have been different if his lawyer had objected to the juror.  Thus, the Court finds that Petitioner's claim of ineffectiveness of trial counsel on this Ground is without merit under the prejudice prong of <u>Strickland</u>.

In Ground XII, Petitioner alleges he was denied effective assistance of counsel because counsel failed to move for a mistrial when the trial was prejudiced by a spectator's alleged comments and actions in the presence of the jury.  Specifically, Petitioner claims that when the victim stepped down from the witness stand, a friend of the victim's family grabbed the child and turned her toward the jury and stated "that they were the only ones that could prevent this sick person, nodding towards [Petitioner], from molesting this little girl and her sister again, by making sure they convicted him."  EH Tr. at p. 35, line 11-18 (quoting from Petitioner's Supplemental Rule 3.850 Motion).  Petitioner raised this issue in his Supplemental Rule 3.850 Motion, and the court

granted an evidentiary hearing on this issue. The trial court, after hearing the evidence, denied Petitioner relief on this issue, and the appellate court affirmed. Because there are qualifying state court decisions, this issue will be addressed applying the deferential standard for federal review of state court adjudications, as required by AEDPA.

Upon a thorough review of the record and the applicable law, the Court finds that Petitioner is not entitled to relief on the basis of this claim because the state courts' adjudications of the claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

The state court concluded that Petitioner failed to establish that counsel's performance was deficient. Exh. #55. Upon review, this Court agrees. Trial counsel had no recollection of this event. EH Tr. at p. 36, lines 9-10. The trial court demanded to see where the event occurred in the record stating, "I have no independent recollection of it. I'm sure I would have had a heart attack." Id. at p. 36, lines 11-16. Defense counsel further stated, that had he heard such a comment, he would have moved for a mistrial. Id. at p. 37, line 20 to p.38, line 2. In summation, collateral counsel submitted that the trial transcript did not

reflect that the incident occurred noting that "it was either not made or the court reporter didn't capture it." Id. at p. 60, lines 10-16. The trial court, pointed out that neither defense counsel, nor the prosecutor, nor the court, nor the court reporter heard the alleged incident, and concurred that the record was devoid of any evidence of this alleged statement by a spectator. Id. at lines 17-21. In closing, the trial court reiterated that "had anything like that been said that I heard anywhere near what was alleged by the [Petitioner], the case would have been over at that time, the Court would have granted a mistrial . . . ." Id. at p. 61, line 25 to p. 62, line 4. As the record affirmatively contradicts Petitioner's contention, the Court concludes that counsel's performance was not deficient. Consequently, Ground XII will be denied on the merits. Moreover, as no facts in the record support the occurrence of this incident, the Court will not address the prejudice prong of Strickland.

In Ground XIII, Petitioner claims that his counsel was ineffective for waiving Petitioner's speedy trial rights without Petitioner's permission or knowledge. Petitioner did not raise this issue in his original Rule 3.850 Motion, in his Supplemental Rule 3.850 Motion, nor at the evidentiary hearing. Petitioner first raised this issue in his Supplemental Brief on appeal. Exh. #44 at 35. There, Petitioner asserted that he was incarcerated for 130 days before counsel came to visit him at jail. Petitioner

contended that at that meeting, defense counsel did not advise him that he had already waived Petitioner's speedy trial rights. Id. at 36.

In its Response to the appellate court, Respondent argued that Petitioner failed to raise this issue properly before the trial court, and as such, the claim was procedurally barred.  Doc. #47 at 30-31.  Specifically, Respondent observed that "[the record is devoid of any oral or written motion regarding this, and of any ruling regarding these allegations."  Thus, Respondent contended that the "[the appellate court] is foreclosed from reviewing such issues due to [Petitioner's] failure to preserve them for appellate review."  Id. at 30.  The appellate court affirmed the trial court's decision without addressing this claim on the merits.  Exh. #48.  Review of the record supports Respondent's representations. Consequently, the Court finds that Petitioner is procedurally barred from raising this claim before this Court.  Bailey, 172 F.3d at 1303;  Bennet, 863 F.2d at 807.  Further, Petitioner fails to articulate any cause to excuse the default and any actual prejudice resulting from the bar.   Smith, 256 F.3d at 1138.   Nor has Petitioner shown that he has in any way satisfied the fundamental miscarriage of justice exception. Id.   Thus, the Court will not address the merits of this issue.

In Ground XIV, Petitioner argues that he was denied effective assistance of counsel because counsel failed to move for a mistrial

due to the trial court's treatment of a capital offense as a non-capital offense. Petitioner raised this issue as ground five in his original Rule 3.850 Motion, and the court summarily denied the claim in its June 21, 2001 order. Exh. #7 at 65-66. Specifically, the court found the allegation to be "without merit." Id. at 66, ¶5. Citing to Perez v. State, 545 So. 2d 1357 (Fla. 1989), the court found that "Capital Sexual Battery is no longer punishable by death. Therefore, Capital Sexual Battery may be charged by information rather than indictment, and a twelve person jury is not required, as well as various other aspects of capital offenses which are no loner applicable to the crime of Capital Sexual Battery." Exh. #7 at 66, ¶5. Petitioner challenged this finding in his Supplemental Brief on appeal, Exh. #44 at 35, but the appellate court affirmed, the trial court's decision, Exh. #48. Because there are qualifying state court decisions, this issue will be addressed applying the deferential standard for federal review of state court adjudications, as required by AEDPA.

Upon a thorough review of the record and the applicable law, the Court finds that Petitioner is not entitled to relief on the basis of this claim because the state courts' adjudications of the claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the State court

proceedings. Further, applicable Florida law refutes the underlying basis of Petitioner's ineffectiveness claim. See Perez, 545 So. 2d at 1358; State v. Hogan, 451 So. 2d 844, 845-46 (Fla. 1984)(finding that a six-member jury was proper for the crime of sexual battery). Consequently, the claim raised in Ground XIV is without merit.

Moreover, the Court finds that Petitioner could not show prejudice for counsel's failure to move for a mistrial, since he would have had to show that, had the motion been made, it would have been granted. Ziegler, 345 F.3d. at 1309. Thus, the Court finds that Petitioner's claim of ineffectiveness of trial counsel on this basis is without merit under the prejudice prong of Strickland.

In Ground XV, Petitioner contends that his counsel was ineffective for failing to object and move for a mistrial due to prosecutorial misconduct during closing arguments. Petitioner identifies six specific incidents of alleged prosecutorial misconduct during closing argument to which his counsel failed to object. Petition at 54-57. Respondent contends that Petitioner's claims in this regard are procedurally barred. Doc. #40 at 58. The Court disagrees.

Petitioner raised this issue of ineffectiveness in his Supplemental Rule 3.850 Motion. The trial court refused to hear any testimony during the evidentiary hearing on this issue finding

that "[c]losing arguments things are a matter on direct appeal."
EH Tr. at p. 1, lines 2-5; p. 32, line 22 to p. 33, line 20. In
its Response on appeal, Respondent did not address the merits of
this claim but instead argued that Petitioner's failure to raise
this issue properly on direct appeal resulted in this issue being
procedurally barred.

While a criminal defendant in Florida is required to raise
claims of prosecutorial misconduct in closing on direct appeal,
claims that trial counsel was ineffective for failing to object to
these remarks is properly raised in post-conviction motion. <u>Bell</u>
<u>v. State</u>, 965 So. 2d 48, 60 (Fla. 2007); <u>Hurley v. State</u>, 962 So.
2d 1046, 1047 (Fla. 5th DCA 2007)(finding trial court error where
the court found defendant's ineffective assistance of counsel for
failing to object to prosecutorial misconduct in closing
procedurally barred due to defendant's failure to raise claim on
direct appeal). Consequently, the Court will deem this Ground
exhausted for purposes of review. In reviewing Petitioner's claims
in this regard, the Court notes that, in Florida, both the
prosecution and the defense are afforded wide latitude in closing
argument. <u>Ford v. State</u>, 802 So. 2d 1121, 1129 (Fla. 2001).

Petitioner's first alleged ineffective assistance of counsel
claim stems from counsel's failure to object to the prosecutor's
reference to testimony proffered by child victim, S.I., after the
court had granted an acquittal as to Count I, the charge of capital

sexual battery upon S.I. The relevant portion of the prosecutor's closing argument is as follows:

> Well, ladies and gentlemen, this has been a strange one, and I've got all these notes here. And most of them, a lot of them I have to throw out because we've lost some charges. And I want to explain to you why that is and the fact that it doesn't mean that you should discount the testimony that you heard from any witness because of that.
>
> What it means is that legally what [S.I.] said happened to her doesn't meet the standard of penetration, and therefore, you're not considering that charge, that does not mean that you should automatically ignore [S.I.'s] testimony about what happened to her, because she came in here and told you what she could tell you.
>
> And she didn't tell you that Roger was touching her, and she didn't tell you that maybe it was someone else that did this. **She told you it was [Petitioner] that was getting in bed at night and touching  her, and he was touching her with his hand in her private.**
>
> At one time she would admit to it being inside, but in this courtroom where it counted six strangers staring at her, that was too much to say. She didn't say it. you can't consider that charge, but you can certainly consider her testimony.

T Tr. at 361-62 (emphasis added). Petitioner argues that the prosecutor misstated S.I.'s testimony because "[S.I] did not testify that Petitioner was touching her with his hand in her private." Doc. #31 at 54. The Court finds Petitioner's argument one of semantics. The record of the trial proceedings reflects that S.I. testified that Petitioner did touch her <u>on</u> her private area, but that he did not touch her <u>inside</u> of her private area. T Tr. at 22-27. The prosecutor when questioning S.I. asked:

> Q: When he was touching your private, did he touch your private on the outside or on the inside or both or —
>
> A: Outside.
>
> Q: On the outside?
>
> A: Yes.
>
> Q: Did he touch your private on the inside?
>
> A: No.

Id. at 24, lines 1-7.

> Q: After your private was touched, what kind of touching was it?
>
> A: Rubbing.

Id. at 26, lines 8-10. Further, it is clear from a review of the record that the prosecutor was reminding the jury to consider S.I.'s testimony to challenge defense counsel's suggestion that because Roger, not Wayne, was the individual seen leaving the girls' room, he was more likely the perpetrator as to the charge left for resolution. Significantly, defense counsel in his summation argued the following to the jury:

> And you can't overlook Roger and Roger being caught coming out of the girls' room on at least one occasion, according to Vicky, if not more, that he was their friend, their buddy, their play guy.
>
> See, Vicky never caught Wayne coming out of the bedroom with the door closed. It was Roger that she caught.

Id. at 404, lines 10-16. The Court finds that the prosecutor's statement read in conjunction with the totality of S.I.'s testimony

was not improper. Further, the prosecution's reference to S.I.'s testimony was appropriate to refute the suggestion made by the defense and was entirely relevant to the remaining charge. <u>See Craig v. State</u>, 510 So. 2d 857, 864 (Fla. 1987). Thus, trial counsel was not ineffective for failing to object to the prosecutor's comment. Further, there is no resulting prejudice. Thus, this ineffectiveness claim is without merit.

In his second issue, Petitioner claims that because he was acquitted on Count III, the lewd assault charge on D.P., the prosecutor committed misconduct when she commented as to what D.P. told the CPT investigator and stated in her videotaped statement—that her hand was on his penis—because it was inconsistent with what D.P. testified to at trial. Petition at 54-55.

Reviewed in context, the pertinent portion of the prosecutor's closing argument is as follows:

> When you get down to the nitty-gritty and question who it is that's telling you the truth, you think about the common sense of the situation, you think about what you heard from that child from the stand and what you saw on the videotape when those things were fresh in her mind, when she told on that videotape about what his genitals looked like, how there was black hair and it was standing straight out and the white stuff was on it when she was still able at that time to admit that her hand was on his penis.

> And that's what happened to count three. When it was fresh in her mind and she was eight and there weren't a bunch of strangers staring at her and she was telling the whole thing, she admitted her hand touched his penis.

When she got here, she couldn't quite get that
far. Well, he grabbed my hand, but I got away
before I touched his penis. And because of the
way I wrote the charge, which I included both
the fact that he exposed himself and that he
had her put her hand on his penis, that charge
is gone, because she finally got to court a
year and half later, and she's not
talking about actually touching it anymore. No, no, I
didn't touch it.

Do you think that that -- if you think that
should make you discount the rest of her
testimony, then that's you decision, but you
think carefully about this little girl who
came in here and told you what happened to
her, and you ask yourself, did she have the
wrong person in mind when she talked about
sitting on the chair with Wayne and him
sticking his finger in the iced tea and
putting it in her, that pointer finger,
putting it in her private? Did she have the
wrong person?

T Tr. at 386, line 15 to 387, line 24. Taken in context, the

prosecutor's comments were offered to explain why Count III had

been dismissed, and as persuasive argument that, despite the

inconsistencies between D.P.'s trial testimony and her statement to

the CPT investigator on the videotape, the jury should not dismiss

D.P.'s trial testimony on the one remaining Count. Thus, trial

counsel was not ineffective for failing to object to the

prosecutor's comment. Further, there is no resulting prejudice.

Thus, this ineffectiveness claim is without merit.

Petitioner's third claim of prosecutorial misconduct which he

believes should have prompted an objection is based on the

prosecutor's alleged misstatement of facts "by putting her strained

interpretation on them regarding Petitioner's knowledge that he knew the instant charges were pending against him when he wrote a frivolous suicide note and urged the jurors to consider Petitioner's bad character when rendering their verdict." Petition at 55.

Reviewed in context, the relevant portion of the prosecutor's closing argument to which Petitioner objects is as follows:

> And what other good things did we hear about the defendant, aside from the fact that he put his foot down with those girls and taught them some manners? Let's see. We heard that he is – he was suicidal because he felt so bad about hitting Vicky, he was suicidal and so he – I'll use this one. He wrote this note and dripped the blood on it because he was worried about going to jail, something to do with his probation and he didn't know anything about charges or the things that the girls had said about him.
>
> This whole suicide note thing. Lord, please forgive me because of the way out. He was intending nothing to do with sexually abusing two little girls. It just had to do with worrying about having to go to trial for a while because he hit his girlfriend, and he felt so bad about hitting his girlfriend. Evaluate that testimony with your common sense, ladies and gentlemen.
>
> This man is suicidal because he has no respect for himself anymore, and in the bottle, I guess it got clearer and clearer.

T Tr. at 391, line 7 to 392, line 2. Petitioner testified that he wrote the letter when he was "drunk and depressed." Id. at 343, line 4-9. He further testified that at the time he wrote the letter he was "suicidal" and "thinking about committing suicide"

_Id._ at 344, lines 1-2, 15-17.  Taken in context, the prosecutor comments constituted permissible argument on the testimony offered into evidence.  Thus, trial counsel was not ineffective for failing to object to the prosecutor's comment.  Further, there is no resulting prejudice.  Thus, this ineffectiveness claim is without merit.

Petitioner's fourth claim of ineffective assistance of counsel stems from trial counsel's failure to object when the "prosecutor commented on facts outside the record and the evidence produced at trial based on the prosecutor's opinion."  Petition at 57. Petitioner argues that the prosecutor's comments that Petitioner was "sexually abusing two little girls," and her subsequent comment that "[Petitioner's] on trial for sexually abusing little girls" constituted impermissible opinion testimony.  _Id._  Petitioner's reference to these two comments are taken completely out of context.  As noted above, with respect to the first comment, the prosecutor was asking the jury to make a reasonable inference about what may have motivated Petitioner to write the "suicide" note.  T Tr. at 391, lines 17-24.  With respect to the second comment, the relevant portion of the prosecutor's closing argument in which this isolated comment was made is as follows:

> Whether you feel sorry for the girls because they have a lousy mother shouldn't enter into things.  You may be angry as a devil at their mother because of the fact that she was spending time with Mr. Tucker after she know what had happened to her girls.

Now she didn't expose these children to him
again. She wasn't kin in the way she took
care of the children. She's taking care of
herself, which may well be why the girls were
in the situation they were in.

But Vicky Isaac is not on trial here. The
witness isn't on trial here, and neither is
[S.I.]. **Wayne Tucker's on trial here for
sexually abusing little girls, and that's what
you have to consider.**

Do you believe what [D.I.] told you and [S.I.]
told you, or do you believe what the defendant
told you sitting there on the stand? That's
what it comes down to.

T Tr. at 394, line 19 to 395, line 12 (emphasis added). Taken in
context, the prosecutor restated the charges that were filed
against Petitioner. Further, her comments reiterated that the jury
is the fact finder. Thus, trial counsel was not ineffective for
failing to object to the prosecutor's comment. Further, there is
no resulting prejudice. Thus, this ineffectiveness claim is
without merit.

Similarly, Petitioner's fifth ineffective assistance of
counsel claim also stems from counsel's failure to object to the
above comments made by the prosecutor on the grounds that the
prosecutor referenced S.I.'s testimony, despite the court having
acquitted Petitioner of Count II. Petition at 57. Although the
court granted an acquittal on Count II, the court did not strike
S.I.'s testimony. Indeed, S.I.'s testimony was relevant to the
remaining charge. Consequently, the prosecutor could properly

comment upon and ask the jury to consider S.I.'s testimony during their deliberations. Thus, trial counsel was not ineffective for failing to object to the prosecutor's comment. Further, there is no resulting prejudice. Thus, this ineffectiveness claim is without merit.

Finally, Petitioner claims trial counsel was ineffective for "failing to get a ruling from the court and move for a mistrial after objecting to the prosecution giving argument based on speculation [sic] vouching for the credibility and truthfulness of their state witness." Petition at 57. The relevant portion of the prosecutor's closing argument, to which trial counsel objected, and the trial court's ruling on the objection is as follows:

> MS. CATHERS: . . . The defendant has had a year and a half to consider what it is he's going to say when he comes in here.
>
> Adults are generally smarter about what it is they want to say when they come to court than children are. Children say what they think -- what they think is the truth at the time. At least a child who tells you, like [D.P.] tells - -
>
> MR. RINARD: Your Honor, I'm going to object at this point in time. The argument's being not based on evidence, speculation.
>
> THE COURT: Well, I didn't even hear what she had to say, so if it was wrong, I sustain your objection. If it was right, I overrule it. Go on.

T Tr. at 389, line 15 to 390, line 3. Here, trial counsel promptly objected to the prosecutor's statement preventing her from

completing it. Thus, the only issue the Court need consider is whether counsel was ineffective for failing to move for a mistrial based upon the prosecutor's comment. A mistrial based on a statement made during closing argument is appropriate only when the "statement is so prejudicial that it vitiates the entire trial." Ford, 802 So. 2d at 1129. Such is not the case here. The Court does not find that the statement deprived Petitioner of a fair trial, materially contributed to his conviction, or was so inflammatory that it influenced the jury to reach a more severe verdict than it would have otherwise. Brown v. State, 754 So. 2d 188, 190 (Fla. 5th DCA 2000). Thus, trial counsel was not ineffective for failing to move for a mistrial. Further, there is no resulting prejudice. Thus, this ineffectiveness claim is without merit. Moreover, after reviewing the entirety of the prosecutor's closing argument, the Court concludes that Petitioner was not deprived a fair trial. Thus, the Court will deny Ground XV in its entirety as without merit.

### C. Ground XVI - Sexual Predator Designation

In Ground XVI, Petitioner alleges that the trial court committed reversible error by designating Petitioner as a sexual predator. Doc. #37 at 9. Respondent argues that Ground XVI raises only State sentencing issues, for which federal jurisdiction does not lie. Doc. #40 at 58. The Court agrees that Petitioner's designation as a sexual predator in the case at bar does not raise

a claim subject to habeas review. Further, Respondent contends that Petitioner did not raise Ground VXI in terms of a federal constitutional violation before the state court, therefore, his constitutional claims are unexhausted and procedurally defaulted. Id. at 59.

Significantly, on November 5, 1999, after Petitioner's was convicted for capital sexual battery, the State moved to have Petitioner declared a sexual predator under section 775.21 of the Florida Statutes. Exh. #14 at 1-2. On December 15, 1999, at a hearing at which Petitioner was represented by counsel, the trial court granted the State's motion and found based upon Petitioner's underlying conviction that "the defendant qualifies as a sexual predator. . . ." Id. at 8. This designation, although civil in nature, is reviewable upon direct appeal pursuant to Rule 9.140(b)(1)(C), Florida Rules of Appellate Procedure, which permits an appeal of orders entered after final judgment of guilt, including orders concerning probation and community control. See Downs v. State, 700 So. 2d 789, 790 (Fla. 2d DCA 1997). Although, Petitioner in the appeal of his sexual predator designation framed the issue as a "constitutional . . . equal protection" violation, the grounds raised in Petitioner's brief on appeal reference State law issues only. Exh. #9. In particular, Petitioner challenged the trial court's findings on the grounds that: 1) his one-count conviction on capital sexual battery was not sufficient to find

that he met the statutory sexual predator criteria; 2) he had no prior convictions under applicable Florida statutes; 3) there is not evidence that he suffers form any sexual disorder; and 4) there is no medical or physical evidence of the victim's alleged abuse. Id.

Upon review of the record, it appears that the issues raised by Petitioner are issues of state law, and "state courts are the ultimate expositors of state law." Mullaney v. Wilbur, 421 U.S. 684, 691 (1975), see also Armenia v. Dugger, 867 F.2d 1370, 1376 (11th Cir. 1989). Petitioner's passing reference to "equal protection" does not convert his challenge to the application of state law by a state court who is vested with jurisdiction into a constitutional issue. Pooley v. Crosby, No. 3:05cv77/RV/EMT, 2005 WL 5977663, at *7 (N.D. Fla. Nov. 7, 2005) (citing Gasquet v. Lapeyre, 242 U.S. 367, 369 (1917)), see also Branan v.Booth, 861 F.2d at 1508. Thus, whether Petitioner met the statutory criteria for designation as a sexual predator under section 775.21 of the Florida Statutes is a matter of state law for which habeas relief does not lie. Armenia, 867 F.2d at 1376. The Court finds no support in the record that Petitioner raised this issue below in state court in terms of a violation of the U.S. Constitution or laws of the United States. Consequently, this Ground is unexhausted and procedurally barred because Petitioner failed to "alert the state court to the alleged federal nature of his claim."

See *generally* <u>Cook v. McNeil</u>, No. 07-11088, 2008 WL 466632 (11th Cir, Feb. 21, 2008)(quoting <u>Baldwin v. Reese</u>, 541 U.S. 27, 33 (2004) (alternations omitted)).

### VI. Conclusion

Finally, based on an exhaustive review of the trial record, the Court finds that Petitioner received a fair trial. Thus, the Amended Petition, which incorporates by reference the Petition, will be denied and this case will be dismissed with prejudice.

ACCORDINGLY, it is hereby **ORDERED**:

1.     Petitioner's 28 U.S.C. § 2254 Petition and Amended Petition for Writ of Habeas Corpus are **DENIED and this case is dismissed with prejudice**.

2.     The **Clerk** shall enter judgment accordingly, terminate any pending motions, and close this file.

**DONE AND ORDERED** in Chambers, this 31st day of March, 2009.

**MARCIA MORALES HOWARD**
United States District Judge

SA: hmk

Copies: All Parties of Record